ROTHENBERG *v.* HUSTED, SECY. OF STATE, ET AL.

[Cite as *Rothenberg v. Husted,* 129 Ohio St.3d 447, 2011-Ohio-4003.]

*Elections — Initiative petitions — Proposed constitutional amendment — Challenge to sufficiency of signatures — R.C. 3501.38(E)(1) — Status of paid circulators as independent contractors does not invalidate part-petitions merely because circulators listed person or entity paying them as person "employing" them — Paid circulators who are not directing the signature-gathering efforts of others are not required to file compensation statement under R.C. 3501.381(A)(1) — Challenge denied.*

(No. 2011-1344–Submitted August 9, 2011–Decided August 12, 2011.)

CHALLENGE under Section 1g, Article II of the Ohio Constitution.

————————————

**Per Curiam.**

{¶ 1} This is an original action challenging the sufficiency of an initiative petition proposing a constitutional amendment, the purpose of which, as described in the petition, is "to preserve the freedom of Ohioans to choose their health care and health care coverage." Because relator, Brian Rothenberg, has not met his burden of demonstrating that the petition failed to contain a sufficient number of valid signatures under Sections 1a and 1g, Article II of the Ohio Constitution to be submitted to the state's electors at the November 8, 2011 general election, we deny the challenge. S.Ct.Prac.R. 13.1(B).

{¶ 2} Relator's legal claims lack merit, and the secretary of state's construction of the applicable statutory provisions is reasonable and is entitled to deference. See *State ex rel. Lucas Cty. Republican Party Exec. Commt. v. Brunner*, 125 Ohio St.3d 427, 2010-Ohio-1873, 928 N.E.2d 1072, ¶ 23. Part-petitions of compensated circulators are not improperly verified and subject to

invalidation simply because the circulators, who might actually be independent contractors, listed the entity or individual engaging or paying them to circulate the petition as "the person employing" them. See R.C. 3501.38(E)(1), 3519.05, and 3519.06.

{¶ 3} Nor are paid petition circulators who are not directing the signature-gathering efforts of others required to file a compensation statement "for supervising, managing, or otherwise organizing any effort to obtain signatures" for a statewide petition. R.C. 3501.381(A)(1).

{¶ 4} Finally, even if his challenge had substantive validity, Rothenberg's evidence is insufficient to establish that the part-petitions do not have enough signatures.

{¶ 5} Based on the foregoing, we deny relator's challenge to the petition and the signatures contained therein. By so holding, we recognize, as we did in a previous case involving the proposed amendment, that "[t]his result is consistent with our duty to liberally construe the citizens' right of initiative in favor of their exercise of this important right." See *State ex rel. Ohio Liberty Council v. Brunner*, 125 Ohio St.3d 315, 2010-Ohio-1845, 928 N.E.2d 410, ¶ 66.

Challenge denied.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

McTigue & McGinnis, L.L.C., Donald J. McTigue, Mark A. McGinnis, and J. Corey Colombo, for relator.

Michael DeWine, Attorney General, and Richard N. Coglianese, Erick D. Gale, and Michael J. Schuler, Assistant Attorneys General, for respondent Secretary of State Jon Husted.

Maurice A. Thompson; and Langdon Law, L.L.C., David R. Langdon, and Bradley M. Peppo, for respondents Ohio Project, Ohioans for Health Care

Freedom, Joseph Bozzi, Steven Carr, Christopher Littleton, Jason Mihalick, and Alan Witten.

————————————————