THE STATE EX REL. WATERS *v.* SPAETH ET AL.

[Cite as *State ex rel. Waters v. Spaeth,* **131 Ohio St.3d 55, 2012-Ohio-69.**]

*Elections—Mandamus—Writ sought to compel respondent to place relator's name on ballot as Republican, notwithstanding his recent Libertarian affiliation—Writ denied.*

(No. 2011-2152—Submitted January 10, 2012—Decided January 11, 2012.)

IN MANDAMUS.

_____

**Per Curiam.**

**{¶ 1}** This is an expedited election action for a writ of mandamus to compel respondents, the Warren County Board of Elections and its members, to place the name of relator, Robert E. Waters, on the ballot as a candidate for the Warren County Republican Party Central Committee, Precinct 15, of the city of Lebanon, at the March 6, 2012 primary election. Because Waters voted in a primary election as a member of a different political party within the preceding two calendar years, he is barred from candidacy in the March 6, 2012 Republican primary election. Therefore, we deny the writ.

### Facts

**{¶ 2}** Waters is a registered voter residing in Lebanon in Warren County. In February 2010, he filed a declaration of candidacy and petition to be a Libertarian Party candidate for state representative. In May 2010, he voted in the Libertarian Party primary election. At the November 2010 election for governor, the Libertarian Party candidate failed to obtain 5 percent of the vote.

**{¶ 3}** On December 7, 2011, Waters filed a petition to be a candidate for the Warren County Republican Party Central Committee for the 15th Precinct, in Lebanon, at the March 6, 2012 Republican primary election. At a December 13, 2011 meeting of respondent Warren County Board of Elections, both board members present voted not to certify Waters's candidacy.

**{¶ 4}** Eight days later, on December 21, Waters filed this expedited election action for a writ of mandamus to compel the board and its members to certify his candidacy. Respondents filed an answer on December 30, and the parties filed briefs and evidence pursuant to the accelerated schedule in S.Ct.Prac.R. 10.9.

**{¶ 5}** This cause is now before the court for our consideration of the merits.

**Analysis**

*Mandamus*

**{¶ 6}** Waters requests a writ of mandamus to compel the board of elections to place his name on the March 6, 2012 primary election ballot as a candidate for member of the Warren County Republican Party Central Committee. To be entitled to the writ, Waters must establish a clear legal right to the requested relief, a clear legal duty on the part of the board and its members to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Eshleman v. Fornshell*, 125 Ohio St.3d 1, 2010-Ohio-1175, 925 N.E.2d 609, ¶ 20. Because of the proximity of the March 6, 2012 primary election, Waters has established that he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Owens v. Brunner*, 125 Ohio St.3d 130, 2010-Ohio-1374, 926 N.E.2d 617, ¶ 25; *see also* S.Ct.Prac.R. 10.9.

**{¶ 7}** For the remaining requirements, " '[i]n extraordinary actions challenging the decisions of the Secretary of State and boards of elections, the standard is whether they engaged in fraud, corruption, or abuse of discretion, or

2

acted in clear disregard of applicable legal provisions.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 9, quoting *Whitman v. Hamilton Cty. Bd. of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 11.

*R.C. 3513.191(A) and 3517.01(A)(1)*

**{¶ 8}** Waters asserts that the board of elections abused its discretion and clearly disregarded R.C. 3517.01(A)(1) by denying his candidacy in the Republican primary election.

**{¶ 9}** R.C. 3513.191(A) prohibits a person's candidacy at a political party's primary election if the person voted in a different political party's primary election within the two years immediately preceding it:

> No person shall be a candidate for nomination or election at a party primary if the person voted as a member of a different political party at any primary election within the current year and the immediately preceding two years.

**{¶ 10}** The applicable version of R.C. 3517.01(A)(1)[1] defines "political party" as follows:

> A political party within the meaning of Title XXXV of the Revised Code is any group of voters that, at the most recent regular state election, polled for its candidate for governor in the state or

---

1. 2011 Am.Sub.H.B. No. 194 amended R.C. 3517.01(A)(1), effective September 30, 2011, but that amendment is the subject of a pending referendum petition. See Secretary of State Directive No. 2011-30. On December 9, 2011, the secretary of state certified that the petition contained sufficient signatures for placement of the referendum on the November 2012 election ballot. http:www.sos.state.oh.us/SOS/mediaCenter/2011/2011-12-09.aspx.

nominees for presidential electors at least five per cent of the entire vote cast for that office or that filed with the secretary of state, subsequent to any election in which it received less than five per cent of that vote, a petition signed by qualified electors equal in number to at least one per cent of the total vote for governor or nominees for presidential electors at the most recent election, declaring their intention of organizing a political party, the name of which shall be stated in the declaration, and of participating in the succeeding primary election, held in even-numbered years, that occurs more than one hundred twenty days after the date of filing.

{¶ 11} Waters claims that the Libertarian Party is not a political party as defined in R.C. 3517.01(A)(1) because at the most recent general election in November 2010, the Libertarian candidate for governor failed to obtain five percent of the vote. Consequently, he argues, the Libertarian Party does not constitute a political party for purposes of R.C. 3513.191(A) so as to bar his Republican candidacy. *See State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶ 46 ("statutes that relate to the same subject matter must be construed in pari materia so as to give full effect to the provisions").

{¶ 12} Waters's claim, however, ignores the plain language of the applicable statutes.

{¶ 13} The definition of "political party" in R.C. 3517.01(A)(1) does not automatically exclude a group of voters from its definition simply because at the most recent regular state election, its gubernatorial candidate or nominees for presidential election failed to poll at least 5 percent of the entire vote for that office. R.C. 3517.01(A)(1) permits a group of voters who failed to meet the

applicable 5 percent threshold to nevertheless qualify as a political party for the succeeding primary election ballot if it files with the secretary of state

> a petition signed by qualified electors equal in number to at least one per cent of the total vote for governor or nominees for presidential electors at the most recent election, declaring their intention of organizing a political party, the name of which shall be stated in the declaration, and of participating in the succeeding primary election, held in even-numbered years, that occurs more than one hundred twenty days after the date of filing.

Waters's complaint did not allege that the Libertarian Party failed to meet this alternate method of qualifying as a political party for purposes of Ohio's election laws, and he failed to submit clear and convincing evidence that this portion of the statutory definition of "political party" in R.C. 3517.01(A)(1) was inapplicable. *See State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235,, paragraph three of the syllabus ("Relators in mandamus cases must prove their entitlement to the writ by clear and convincing evidence").

{¶ 14} Moreover, R.C. 3513.191(A) applies to both "major" political parties and "minor" political parties under the R.C. 3517.01(A)(1) definition of "political party."

{¶ 15} In addition, state election officials must follow the applicable requirements of federal election law, including pertinent federal court orders. *See, e.g., State ex rel. Painter v. Brunner*, 128 Ohio St.3d 17, 2011-Ohio-35, 941 N.E.2d 782, ¶ 37 ("the secretary of state also has a duty to instruct election officials on the applicable requirements of federal election law as well as federal court orders that are applicable to them"). In *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579 (6th Cir.2006), the United States Court of Appeals for

the Sixth Circuit held that Ohio's system for minor-party qualification for ballot access violated the rights of political parties and voters to exercise their First Amendment rights. *Id.* at 594-595. In 2008, a federal district court ordered, pursuant to *Blackwell*, that the secretary of state place the Libertarian Party of Ohio and its candidates on the November 2008 election ballot. *Libertarian Party of Ohio v. Brunner*, 567 F.Supp.2d 1006, 1016 (S.D.Ohio 2008). In 2011, a federal district court ordered, pursuant to *Blackwell*, that the secretary of state place the Libertarian Party of Ohio and its candidates on the 2011 and 2012 election ballots. *Libertarian Party of Ohio v. Husted*, S.D.Ohio No. 2:11-CV-722, 2011 WL 3957259 (Sept. 7, 2011), as modified by the nunc pro tunc order dated October 18, 2011. Therefore, notwithstanding R.C. 3517.01(A)(1), federal precedent requires the treatment of the Libertarian Party as a "political party" for purposes of the election laws.

{¶ 16} The secretary of state ordered boards of elections to recognize the Libertarian Party and certain other minor political parties as political parties entitled to ballot access in 2010 and 2012. Secretary of State Directive Nos. 2009-21 and 2011-38. Based on the applicable law, the secretary of state's construction of the applicable statutory provisions is reasonable and is thus entitled to deference. *See Rothenberg v. Husted*, 129 Ohio St.3d 447, 2011-Ohio-4003, 953 N.E.2d 327, ¶ 2. And the board of elections and its members have a duty to follow the secretary of state's directives. R.C. 3501.11(P); *see also State ex rel. Coble v. Lucas Cty. Bd. of Elections*, 130 Ohio St.3d 132, 2011-Ohio-4550, 956 N.E.2d 282, ¶ 11, fn. 2.

{¶ 17} Finally, insofar as Waters claims that the Warren County Board of Elections treated him differently from how the Franklin County Board of Elections treated a comparable candidate, he has not submitted sufficient evidence establishing an equal-protection violation, the Warren County Board of Elections is not bound by the decisions of another county board of elections, and the issue

whether the Franklin County Board of Elections acted properly is not before this court.

{¶ 18} Therefore, the Libertarian Party constituted a political party for purposes of applicable election law, and under the plain language of R.C. 3513.191(A), Waters's participation in the May 2010 Libertarian primary election bars him from being a candidate for central committee member at the March 2012 Republican primary election. The board of elections and its members neither abused their discretion nor clearly disregarded applicable law by deciding not to certify Waters's candidacy.

## Conclusion

{¶ 19} Because Waters failed to establish his entitlement to the requested extraordinary relief in mandamus, we deny the writ.

Writ denied.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Robert E. Waters, pro se.

David P. Fornshell, Warren County Prosecuting Attorney, and Keith W. Anderson, Assistant Prosecuting Attorney, for respondents.

_____