[Cite as *State ex rel. Workman v. Miller*, 2016-Ohio-1494.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE EX REL.
CONNIE J. WORKMAN,                          CASE NO. 1-15-40

    RELATOR,

  v.

MARGIE MURPHY MILLER                         J U D G M E N T
ALLEN COUNTY CLERK OF COURTS,                E N T R Y

    RESPONDENT.

**PER CURIAM:**

{¶1} This matter comes on for final determination of Relator's complaint for writ of mandamus. Pursuant to an alternative writ/scheduling order, the parties filed briefs in support of granting and denying the claim.

{¶2} The limited and uncontested facts are as follows. Relator presented an application to seal criminal record with an affidavit of indigence in lieu of prepaying costs to Respondent, Allen County Clerk of Courts ("the Clerk"), for filing and consideration by the Allen County Court of Common Pleas. However, the Clerk refused to accept and file Relator's application and affidavit without prepayment of a "filing fee" in the amount of $275.00, which would be reduced by

$50.00 due to the affidavit of indigence, leaving a "filing fee" due in the amount of $225.00.

{¶3} Relator asserts that she has a clear statutory right, pursuant to R.C. 2953.32(C)(3), to file an application seeking to seal criminal record by paying a fee of $50.00, unless the application is accompanied by an affidavit of indigence, in which case there is no fee required. As a result, Relator asserts that the Clerk has a clear legal duty to accept and file her application and affidavit of indigence, and because the Clerk is unlawfully refusing to act, a writ of mandamus must issue to compel performance of the legal duty.

{¶4} In response, the Clerk relies upon Local Rule 2.01 of the Allen County Court of Common Pleas, which states that "[n]o civil action or proceeding shall be accepted by the Clerk for filing unless the party or parties offering the same for filing shall have first deposited a sum to secure the payment of the costs that may accrue…" The rule further directs that the advance deposit and fees shall be in the amount adopted and set forth in "Appendix A," which reflects a fee of $275.00 for "Criminal Expungement Proceedings."

{¶5} The Clerk admits in her answer and brief that Relator has the legal right to file an application to seal her criminal record and an affidavit of indigence, but upon applying both R.C. 2952.32(C)(3) and Local Rule 2.01, the Clerk avers that she has no duty to accept same unless Relator pays $225.00, because the

affidavit acts only to avoid paying $50.00 of the local filing fee. The Clerk states that this is the interpretation and direction given to her by the common pleas court judges. Alternatively, the Clerk surmises that there is an apparent conflict between R.C. 2953.32 and Local Rule 2.01 and suggests that clarity is needed.

{¶6} To prevail in this mandamus case, Relator must establish a clear legal right to the requested relief, a clear legal duty on the part of Respondent to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6. Relator must prove that she is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶7} Upon review, the Court finds that no adequate remedy at law exists, as Relator's application and affidavit were refused for filing and no avenue of appeal exists. The Court further finds that Relator does have a clear legal right to have her application to seal criminal record and affidavit of indigence filed by the Clerk of Courts for the Allen County Court of Common Pleas, and the Clerk has a corresponding legal duty to file the application and affidavit, without payment of the $275.00 "filing fee" or any arbitrarily reduced amount, other than zero.

{¶8} The legislature provided a process to eligible offenders seeking to seal their record of conviction. R.C. 2953.32(C)(3) makes clear that an applicant requesting to seal records, "unless indigent, shall pay a fee of fifty dollars, regardless of the number of records the application requests to have sealed." The

statute then goes on to direct how the fifty dollars must be allocated. This portion of the statute would be rendered entirely meaningless if, instead, an arbitrary schedule adopted by local rule required an applicant to pay a fee in an amount four to five times higher, regardless of financial ability to pay.

{¶9} Nonetheless, in this instance, the validity of the $275.00 filing fee adopted by the Allen County Court of Common Pleas for "expungement proceedings" and the alleged conflict with R.C. 2953.32(C)(3) need not be determined or addressed further. The Local Rules of the Allen County Court of Common Pleas and other statutory directives require that Relator's application and affidavit be accepted and filed by the Clerk, without advanced deposit or security for costs, regardless of the fee amount adopted in Local Rule 2.01.

{¶10} R.C. 2303.08 includes as general duties of the Clerk, to indorse on each pleading or paper the time of filing; enter all orders, decrees and judgments; make a complete record when ordered; and pay over to the proper parties all moneys due. R.C. 2303.09 also requires that the Clerk "shall file together and carefully preserve in [her] office all papers delivered to [her] for that purpose in every action or proceeding."

{¶11} R.C. 2323.31 provides that the court of common pleas may require an advance deposit for the filing of any civil action or proceeding; but, if a plaintiff "makes an affidavit of inability either to prepay or give security for costs,

-4-

the clerk of courts shall receive and file the petition." Similarly, R.C. 2323.30 provides that, in actions where a party is required to deposit cash or furnish security for costs under R.C. 2323.31, "[w]hen a plaintiff makes affidavit of inability either to give security or a cash deposit to secure costs, the clerk shall receive and file the petition."

{¶12} Consistent with these statutory directives, the Allen County Court of Common Pleas adopted Local Rule 2.02, which provides:

> If a party claims inability to either prepay or give security for costs pursuant to Local Rule 2.01, the party shall complete the affidavit of indigency required by R.C. 2323.30 and R.C. 2323.31 in the form approved by the court and adopted as Local Rule Form 2.02 stating the reasons for the inability to prepay or give security for costs. Such affidavit shall be completed in its entirety and filed with the pleadings...and be subject to review by the Court at any stage of the proceedings.
> The waiver of a security deposit in no manner effects [sic] the responsibility of a party to pay costs if so charged.

{¶13} These provisions, including Local Rule 2.02, are not ambiguous. A court of common pleas may require an advance deposit for the filing of any civil action or proceeding, and may adopt a fee schedule setting the amount of deposit for each type of action. However, an "advanced deposit" is intended to secure payment in anticipation of the court costs that may be assessed at conclusion of the proceeding; it is not a toll for conducting business with the court. When a party includes a proper affidavit of indigence, the clerk is required to accept and file the application without the "advanced deposit" or security. As the Ohio Supreme

Court stated, a party "merely has to file poverty affidavits and request waivers from the court" to file a complaint. *State ex rel. Oatley v. Athens County Clerk of Common Pleas*, 69 Ohio St.2d 257 (1982). Of course, as Local Rule 2.02 makes clear, the affidavit of indigence is subject to review by the court at any stage of the proceeding and waiver of the "advanced deposit" has no effect on the responsibility of a party to pay costs that may ultimately be assessed.

{¶14} The theory that Relator's affidavit of indigence somehow reduces the $275.00 fee by only $50.00 appears to be a hybrid, but misinterpreted application of Local Rule 2.01 and R.C. 2953.32(C)(3). For the reasons stated above, in particular the clear language of R.C. 2953.32(C)(3) and Local Rule 2.02, a proper affidavit of indigence waives the requirement of any security deposit.

{¶15} Accordingly, a writ of mandamus should issue ordering the Clerk to accept and file Relator's application to seal criminal record and affidavit of indigence, without prepayment of any advanced deposit or fee.

{¶16} It is therefore **ORDERED**, **ADJUDGED** and **DECREED** that Relator's claim for Writ of Mandamus be, and hereby is granted, and Respondent shall accept and file Relator's application to seal criminal record and affidavit of indigence without prepayment of any advanced deposit or fee. Costs of this action are assessed to Respondent, for which judgment is hereby rendered.

Case No. 15-14-09

                         /S/   SHAW
                              JUDGE

                         /S/   PRESTON
                              JUDGE

                         /S/   WILLAMOWSKI
                              JUDGE

TO THE CLERK:

Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

                         /S/   SHAW
                    PRESIDING\ADMINISTRATIVE JUDGE
                      (Signed pursuant to App. R. 15(c))

DATED:  April 11, 2016

/hls