[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tucker v. Matia,* Slip Opinion No. 2016-Ohio-7450.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7450

THE STATE EX REL. TUCKER, APPELLANT, *v.* MATIA, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tucker v. Matia,* Slip Opinion No. 2016-Ohio-7450.]

*Mandamus—Relator was convicted of attempted murder, not attempted felony murder, and was not entitled to resentencing under* State v. Nolan—*Denial of writ affirmed.*

(No. 2016-0089—Submitted July 12, 2016—Decided October 26, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 103333, 2015-Ohio-5154.

_____

**Per Curiam.**

{¶ 1} We affirm the Eighth District Court of Appeals' dismissal of appellant Samuel L. Tucker's complaint for a writ of mandamus.  In 2002, Tucker pleaded guilty to attempted murder and kidnapping and was sentenced to consecutive prison terms of 10 and 5 years, respectively.  Tucker filed this action in mandamus,

seeking a writ ordering appellee, Cuyahoga County Common Pleas Court Judge David Matia, to vacate his sentence under *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, and resentence him. Judge Matia filed a motion for summary judgment, which the court of appeals granted. Tucker appealed.

{¶ 2} To be entitled to a writ of mandamus, Tucker must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Matia to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Tucker must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 3} Tucker claims that he was convicted of attempted felony murder and that because we determined in *Nolan* that attempted felony murder is not a crime in Ohio, the trial court lacked jurisdiction to convict him. Therefore, Tucker argues, his conviction for attempted felony murder should be vacated. In *Nolan*, we held that a requisite of the attempt statute is that a person cannot commit an attempt offense unless he or she has acted purposely or knowingly. *Nolan* at ¶ 7. On the other hand, the felony-murder statute imposes strict liability; intent need not be proven to obtain a conviction of felony murder. *Id*. at ¶ 9. We concluded that a person cannot be guilty of attempting to cause an unintended death. *Id*. at ¶ 9-10.

{¶ 4} The court of appeals granted Judge Matia's motion for summary judgment because the language of Tucker's indictment, to which he pleaded guilty, tracks the language of R.C. 2923.02, which sets out the elements of attempt, and R.C. 2903.02(A), which sets out the elements of the offense of murder—not R.C. 2903.02(B), which sets out the elements of felony murder. In other words, Tucker was sentenced for attempted murder, not attempted felony murder, and *Nolan* therefore does not apply.

{¶ 5} Tucker is not entitled to a writ of mandamus, and the court below was correct in granting the motion for summary judgment. We affirm its judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Samuel L. Tucker, pro se.

Timothy J. McGinty, Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____