[Cite as *State ex rel. Bradford v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-7300.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| State ex rel. Pele K. Bradford, | : | |
| Relator, | : | |
| v. | : | No. 16AP-750 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on

**On brief:** *Pele K. Bradford*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Ina Avalon*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Pele K. Bradford, an inmate of the Lebanon Correctional Institution, brings this original action seeking a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("DRC"), to correct its records consistent with the decision of the Supreme Court of Ohio in *State ex rel. Bradford v. Dinkelacker*, 146 Ohio St.3d 219, 2016-Ohio-2916, and to conduct another review of his application for executive clemency filed April 24, 2014.[1] DRC moved this court to dismiss

---

[1] Though the governor's letter denying relator's April 24, 2014 application for executive clemency is attached to relator's complaint as an exhibit, relator has not submitted a copy of DRC's decision and recommendation on the April 24, 2014 application.

the complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim on which relief may be granted.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who rendered a decision and recommendation that includes findings of fact and conclusions of law, which is appended hereto.  Therein, the magistrate determined that the *Bradford* decision does not present "significant new information that was not and could not have been presented in the earlier application."   Ohio Adm.Code 5120:1-1-15(I).   The magistrate concluded that relator's complaint failed to state a claim on which a writ of mandamus may be granted. Accordingly, the magistrate recommended dismissal of the complaint.

{¶ 3}   On March 30, 2017, relator filed the following objections to the magistrate's decision:

> I. The Magistrate failed to employ the proper legal analysis for Civ.R. 12(B)(6) motions in accordance with the Tenth Appellate District Court's rationale in *Modern Office Methods, Inc. v. Ohio Sate Univ.*, 2012-Ohio-3587.
>
> II.  The Magistrate has taken the relief sought by relator out of context.
>
> III. The Magistrate's analysis is clearly erroneous when this Honorable Court considers the Ohio Supreme Court's findings in *Layne v. Ohio Adult Parole Authority*, 97 Ohio St. 3d 456.
>
> IV. In the interest of justice, this Honorable Court cannot adopt the "sweep it under the rug" approach proffered by the magistrate in this matter.

{¶ 4}   In his first objection, relator argues that the magistrate failed to conduct the proper review of his complaint pursuant to Civ.R. 12(B)(6) and this court's decision in *Modern Office Methods, Inc. v. Ohio State Univ.*, 10th Dist. No. 11AP-1012, 2012-Ohio-3587.  Appellant's argument in support of his objection, however, does not explain how the magistrate misapplied the rule or this court's prior decision in *Modern Office Methods.*   Appellant's conclusory assertion notwithstanding, our review of the magistrate's analysis reveals compliance with Civ.R. 12(B)(6) and *Modern Office Methods.*  Accordingly, appellant's first objection is overruled.

{¶ 5}   In his second objection, relator contends that the magistrate misconstrued his claim in recommending dismissal of his complaint.  We disagree.

{¶ 6}   The crux of appellant's claim is that in 2004 the trial court erroneously convicted him of "[a]ggravated Murder with Specifications #1 and #2, 2903-01A/ORCN, SF," even though the jury found him guilty of "Aggravated Murder 2903.01(B) as charged in Count I of the Indictment." *Bradford* at ¶ 2.  Appellant now seeks a writ of mandamus ordering DRC to acknowledge the sentencing court's error, correct its record with regard to the offense for which he was convicted, and to reconsider his April 24, 2014 application for clemency in accordance with *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270.

{¶ 7}   In both its motion to dismiss relator's complaint and in its response to relator's objections, DRC argues that relator is not entitled to a writ of mandamus because relator had an adequate remedy at law by way of an appeal both from his 2004 conviction and Judge Dinkelacker's subsequent entry denying his motion to correct the judgment entry.  The Supreme Court of Ohio reached this very conclusion in denying relator's mandamus action filed in the First District Court of Appeals seeking an order requiring Judge Dinkelacker to correct the judgment entry of relator's conviction.  Therein, the court found as follows:

> To be entitled to extraordinary relief in mandamus, Bradford must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Dinkelacker to provide it, and the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6, 960 N.E.2d 452.
>
> Appeal is generally considered an adequate remedy sufficient to preclude a writ of mandamus.  *Shoop v. State*, 144 Ohio St. 3d 374, 2015-Ohio-2068, ¶ 8, 43 N.E.3d 432, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.  Bradford could have raised the mistake in the original journal entry as part of his direct appeal of his conviction. He also could have appealed Judge Dinkelacker's entry denying his motion to correct the judgment entry. He therefore had an adequate remedy in the ordinary course of the law.

*Bradford* at ¶ 5-6.

{¶ 8} For similar reasons, relator's mandamus action against DRC must also be dismissed. Contrary to appellant's assertion, the court in *Bradford* did not hold that Judge Dinkelacker's judgment entry of conviction and sentence contained an error. Rather, the court determined that relator had an adequate remedy at law by way of a direct appeal from the judgment entry of conviction or an appeal from Judge Dinkelacker's subsequent entry denying relator's motion to correct the judgment entry. The Supreme Court decision in *Bradford* makes it clear that res judicata barred relator from relitigating the alleged error in the judgment of conviction in any subsequent action and that Judge Dinkelacker's journalized judgment entry is no longer subject to correction. *Id.* Because the legal remedy of appeal had been available to relator, the Supreme Court dismissed relator's complaint seeking a writ of mandamus. *Id.*

{¶ 9} As the Supreme Court recognized in *Bradford*, relator had an opportunity to remedy any alleged error in the judgment of conviction either by a direct appeal from his conviction or an appeal from Judge Dinkelacker's entry denying his motion to correct the judgment entry. However, relator failed to appeal from either judgment.

{¶ 10} In *Thompson v. Wing*, 70 Ohio St.3d 176 (1994), the Supreme Court set forth three requirements for application of collateral estoppel or issue preclusion. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 174 Ohio App.3d 135, 2007-Ohio-6594, ¶ 18 (10th Dist.). "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Thompson* at 183. "The essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a 'full and fair opportunity to litigate that issue in the first action.' " *Cashelmara Villas Ltd. Partnership v. Dibenedetto*, 87 Ohio App.3d 809, 813 (8th Dist.1993), quoting *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 74-75 (1977).

{¶ 11} Because relator did not exhaust available legal remedies to correct the alleged error in the judgment of conviction, the judgment entry of conviction is conclusive as to the offense for which appellant was convicted. *Bradford*; *Thompson*. Because the trial court judgment of conviction is no longer subject to correction, relator does not have

a clear right to the relief requested in his complaint, and DRC does not have a clear legal duty to "correct" its record. Here, DRC's record is consistent with the final, unappealed judgment entries at issue. Accordingly, the magistrate was correct in determining that nothing in the *Bradford* decision imposes a duty on DRC to correct its record regarding relator's conviction. We agree with the magistrate.

{¶ 12} For the foregoing reasons, relator's second objection is overruled.

{¶ 13} In his third objection, relator argues that the magistrate's conclusion that DRC did not have a duty to correct its record in considering his clemency application conflicts with the decision of the Supreme Court in *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719. In support of this argument, relator cites the following language from the *Layne* decision wherein the Supreme Court approved the reasoning of the Second District Court of Appeals in *Randolph v. Ohio Adult Parole Auth.*, 2d Dist. No. 99-CA-17 (Jan. 21, 2000):

> [T]he court in *Randolph* determined that the APA must begin its decision-making process concerning parole eligibility by assigning an inmate the offense category score that corresponds to the actual offense of which the inmate was convicted.

*Layne* at ¶ 25.

{¶ 14} Without deciding whether the rule of law in *Layne* applies to clemency applications, we recognize that the Supreme Court decision in *Bradford* makes clear that Judge Dinkelacker's journalized judgment entry is no longer subject to correction. Pursuant to *Bradford*, relator's conviction of "[a]ggravated Murder with Specifications #1 and #2, 2903-01A/ORCN, SF" is legally correct. *Id.* at ¶ 2. Thus, we agree with the magistrate's conclusion that the *Bradford* decision does not constitute "significant new information that was not and could not have been presented in the earlier application." Ohio Adm.Code 5120:1-1-15(I). Accordingly, relator's third objection is overruled.

{¶ 15} In relator's fourth objection, relator criticizes the magistrate for "refusing to take any action" to "rectify this gross injustice." (Objs. at 5.) As noted above, the *Bradford* decision makes it clear that relator's previous failure to exhaust the legal remedies available to him following his conviction prevents this court from granting the relief appellant now requests. Unlike the error made by the parole authority in *Keith*

where the parole authority miscalculated the number of times the applicant had been paroled, the alleged error in this case was made by the trial court in the journalized judgment of conviction, a judgment which is no longer subject to correction.

{¶ 16} For the foregoing reasons, relator's fourth objection is overruled.

{¶ 17} Following an independent review of the magistrate's decision and the objections filed by relator, we find that the magistrate has determined the pertinent facts and properly applied the relevant law. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law as modified herein. For the reasons set forth in the magistrate's decision and those expressed herein, relator's objections are overruled, and relator's complaint is dismissed.

*Objections overruled*;
*motion to dismiss granted*;
*writ of mandamus denied.*

TYACK, P.J., and BRUNNER, J., concur.

_____

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

The State ex rel. Pele K. Bradford,                    :

        Relator,                                        :

v.                                                     :                    No.  16AP-750

Ohio Department of Rehabilitation and                  :                    (REGULAR CALENDAR)
Correction,
                                                       :
        Respondent.                                     :

                                                       :

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on March 21, 2017

---

*Pele K. Bradford,* pro se.

*Michael DeWine,* Attorney General, and *Ina Avalon,* for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 18} In this original action, relator, Pele K. Bradford, an inmate of the Lebanon Correctional Institution ("LCI") requests a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC") "to correct the record" based on the factual scenario presented in *State ex rel. Bradford v. Dinkelacker,* 146 Ohio St.3d 219, 2016-Ohio-2916, such as to indicate that the jury found him guilty of aggravated murder under R.C. 2903.01(B) as charged in Count 1 of an indictment filed in the Hamilton County Court of Common Pleas.

{¶ 19} Also, relator requests that the writ order respondent to conduct another review of his application for executive clemency filed April 24, 2014, to determine,

pursuant to Ohio Adm.Code 5120:1-1-15(I), whether "significant new information" has been presented by relator's filing of his second application on August 31, 2016.

Findings of Fact:

{¶ 20} 1. On November 1, 2016, relator, an LCI inmate, filed this original action against respondent.

{¶ 21} 2. On December 16, 2016, citing Civ.R. 12(B)(6), respondent moved for dismissal of this action on grounds that the complaint fails to state a claim on which relief in mandamus can be granted.

{¶ 22} 3. On December 28, 2016, relator filed his memorandum in opposition to the motion to dismiss.

{¶ 23} 4. On February 2, 2017, respondent filed a reply.

{¶ 24} 5. As indicated in the complaint, this action is premised on the May 12, 2016 decision of the Supreme Court in *Bradford*, and the October 7, 2014 decision of the Supreme Court in *State ex rel. Keith v. Ohio Adult Parole Auth.,* 141 Ohio St.3d 375, 2014-Ohio-4270 ("*Keith II*").

{¶ 25} 6. As reported by the Supreme Court, Pele K. Bradford filed a mandamus action in the First District Court of Appeals to correct the judgment entry of his conviction for aggravated murder. *Bradford* at ¶ 1. The court of appeals dismissed the action, and Bradford appealed as of right to the Supreme Court.

{¶ 26} On appeal, the Supreme Court affirmed the judgment of the appellate court. In *Bradford,* the Supreme Court explains:

> Bradford was convicted of aggravated murder in 2004. The jury found him guilty "of Aggravated Murder 2903.01(B) as charged in Count I of the Indictment." However, the court's journal entry stated "[a]ggravated Murder with Specifications #1 and #2, 2903-01A/ORCN, SF."
>
> In January 2015, Bradford filed a motion in the Hamilton County Court of Common Pleas to correct the judgment entry. Respondent, Judge Patrick T. Dinkelacker, denied the motion. Bradford then filed an action in mandamus in the First District Court of Appeals. Judge Dinkelacker filed a motion to dismiss the mandamus action, arguing that Bradford failed to meet the requirements under R.C. 2953.23 for a late petition for postconviction relief and that his

> motion to correct the judgment entry was barred by res judicata.
>
> The court of appeals granted Judge Dinkelacker's motion to dismiss. Bradford appealed.
>
> To be entitled to extraordinary relief in mandamus, Bradford must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Dinkelacker to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6, 960 N.E.2d 452.
>
> Appeal is generally considered an adequate remedy sufficient to preclude a writ of mandamus. *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, ¶ 8, 43 N.E.3d 432, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Bradford could have raised the mistake in the original journal entry as part of his direct appeal of his conviction. He also could have appealed Judge Dinkelacker's entry denying his motion to correct the judgment entry. He therefore had an adequate remedy in the ordinary course of the law.
>
> Judgment affirmed and motions for reversal of judgment, to file citation to relevant authority, and to take judicial notice of controlling authority denied as moot.

*Id.* at ¶ 2-6.

{¶ 27} 7. According to the complaint filed in this action, relator filed with the Ohio Parole Board an application for executive clemency on April 24, 2014.

{¶ 28} 8. According to the complaint, the Ohio Parole Board forwarded the application to the Governor on September 30, 2014 with a recommendation that the application be denied.

{¶ 29} 9. According to the complaint, by letter dated May 9, 2016, the Governor informed relator that his application for executive clemency has been denied.

{¶ 30} 10. According to the complaint, on August 31, 2016, relator filed another executive clemency application with the Ohio Parole Board.

{¶ 31} 11. By letter dated August 31, 2016, respondent informed relator that it was returning the second application to him.

{¶ 32} 12. The body of the complaint (excluding exhibits) contains 40 enumerated paragraphs.  Helpful here is the reproduction of paragraphs 10, 21, 23, 24, 25, 38, 39 and 40:

> 10. The Respondent has failed to correct the record of the Relator in regards to the proper offense of conviction in count 1 as found by the jury, i.e., R.C. 2903.01(B).
>
> * * *
>
> 21. As a matter of law, the fact that the *mistake in the original journal entry* in Bradford's trial court case did not involve a legal decision is the fundamental reason why the Supreme Court concluded that the clerical mistake could have been raised on appeal. Indeed, the reference to R.C. 2903.01(A) in the journal entry was merely a clerical mistake that did not affect the conviction and sentence imposed under R.C. 2903.01(B) in count 1.
>
> * * *
>
> 23. In fact, no controversy exists concerning the fact that "a jury found him [Bradford] guilty of aggravated murder under R.C. 2903.01(B). However, in the sentencing entry, the trial court mistakenly noted that Relator had been convicted under R.C. 2903.01(A)."
>
> 24. In concluding, the Ohio Supreme Court in *Keith* held:
>
> [W]here credible allegation of substantive inaccuracies in a prisoner's record is made, the OAPA is obligated to correct those errors before considering the inmate for parole.
>
> 25. Accordingly, the Respondent, has an obligation to correct the clerical error in the record of the prisoner, inaccurately referencing a conviction under R.C. 2903.01(A) as opposed to R.C. 2903.01(B) in count 1 in trial court Case No. B-0400169, pursuant to *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375.

(Footnotes omitted.) (Emphasis sic.)

Conclusions of Law:

{¶ 33} It is the magistrate's decision that this court grant respondent's motion to dismiss, as more fully explained below.

{¶ 34} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 1995 Ohio 202 (1995), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).

{¶ 35} In reviewing the complaint, the court must take all of the material allegations as admitted and construe all reasonable inferences in favor of the non-moving party. *Id.*

{¶ 36} "'A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.'" *Hanson* at 548, quoting *State ex rel. Alford v. Willoughby*, 58 Ohio St.2d 221, 223-24 (1979).

{¶ 37} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 38} Because relator relies on the decision of the Supreme Court in *Keith II*, a careful review of that case is in order.

{¶ 39} In *Keith II*, the Supreme Court reversed the judgment of this court rendered in *State ex rel. Keith v. Ohio Adult Parole Auth.*, 10th Dist. No. 12AP-408, 2013-Ohio-2514 ("*Keith I*").

{¶ 40} In November 2011, Keith entered Lorain Correctional Institution to serve a six-month sentence. In December 2011, a hearing officer determined that Keith's previous parole should be revoked, and a parole release hearing was scheduled for February 2012. *Keith II* at ¶ 5.

{¶ 41} That hearing was held by video conference on February 17, 2012. The parole board denied parole and set the next parole hearing for 62 months later. In

explaining its rationale, the Ohio Parole Board cited several factors and stated that Keith had been paroled eight times. *Keith II* at ¶ 6.

{¶ 42} Keith sent a letter to Cynthia Mausser, then the Chair of the Ohio Parole Board. In his letter, Keith requested that the decision be corrected to reflect the correct number of times he had been paroled and that the parole board grant him a new hearing. *Keith II* at ¶ 7. The Ohio Parole Board responded that Keith's request did not meet the standard for reconsideration of a board decision and that it would make no modification of the decision. *Id.*

{¶ 43} In May 2012, Keith filed an action in mandamus in this court requesting that the OAPA be compelled to correct the record and to provide Keith with a rehearing. *Keith II* at ¶ 8.

{¶ 44} The OAPA filed a motion to dismiss Keith's case, and Keith responded with a memorandum and a motion for summary judgment to which two affidavits and several exhibits were appended. Keith then moved to supplement the pleadings with another affidavit and more exhibits, raising additional claims of further errors in his records. *Keith II* at ¶ 9.

{¶ 45} The OAPA responded with an affidavit from Mausser in which she asserted that Keith's record had been corrected to reflect the correct number of times he had been paroled. She further asserted that after the correction was made, she had submitted the matter to the parole board to consider the correction. The Ohio Parole Board voted not to modify its previous decision and not to grant Keith a new hearing. *Keith II* at ¶ 10.

{¶ 46} The magistrate appointed by this court granted Keith's motion to supplement the pleadings. The magistrate also converted OAPA's motion to dismiss into a motion for summary judgment and gave notice that both motions for summary judgment were set for a non-oral hearing on August 2, 2012. *Keith II* at ¶ 11.

{¶ 47} On the merits, the magistrate recommended that this court grant OAPA's motion for summary judgment and deny Keith's motion for summary judgment. The magistrate found that, even if Keith had the right to the correction of an error, his request was moot, as the OAPA records had been corrected to reflect that Keith had been paroled six times. *Keith II* at ¶ 12.

{¶ 48} Keith filed objections to the decision of the magistrate. This court overruled the objections finding that, based on Mausser's affidavit, the Ohio Parole Board had performed the acts sought in Keith's request for relief, and that the magistrate was correct in declaring the case moot. *Keith II* at ¶ 13.

{¶ 49} Keith appealed as of right the decision of this court to the Supreme Court of Ohio. *Keith II* at ¶ 14.

{¶ 50} On appeal to the Supreme Court, Keith asserted five propositions of law. In his first proposition of law, Keith asserted that this court failed to consider all his claims. The Supreme Court found that Keith is correct. "Because Keith was allowed to supplement the complaint, Keith's assertions of additional errors in his parole records are at issue and should have been considered by the court of appeals." *Keith II* at ¶ 17.

> In granting the writ and reversing the judgment of this court, the Supreme Court in *Keith II* explains: We recognize that the OAPA's discretion in parole matters is wide-ranging. [*Layne v. Ohio Adult Parole Auth.,* 97 Ohio St.3d 456, 2002-Ohio-6719] ¶ 28, citing *State ex rel. Lipschutz v. Shoemaker*, 49 Ohio St.3d 88, 90, 551 N.E.2d 160 (1990). R.C. 2967.03 vests discretion in OAPA to "grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society." However, as in *Layne,* that discretion must yield to statutory or regulatory requirements. Therefore, we hold that in any parole determination involving indeterminate sentencing, the OAPA may not rely on information that it knows or has reason to know is inaccurate.
>
> This is not to say that the OAPA must conduct an extensive investigation on the information it reviews for every prisoner to ensure accuracy, nor does it mean that the OAPA must credit every unsupported allegation by a prisoner that the information is inaccurate.
>
> But where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner.

Here, Keith's assertions go beyond mere allegation. For example, he points out that a memorandum of August 12, 2010 from Ohio Department of Rehabilitation and Correction employee Lora Turjanica indicates that Keith had been continuously incarcerated from May 1991 until May 2000. This makes it impossible for him to have been permitted to "remain on supervision" in July 1992 despite a parole violation, as asserted in OAPA member Trayce Thalheimer's letter of June 5, 2012.

Thus, Keith has made a showing that there may be substantive errors in his record that may influence the OAPA's consideration of his parole. There is no evidence on the record that any error beyond the number of times Keith was paroled has been corrected. OAPA must therefore conduct an investigation into Keith's allegations and correct any substantive errors discovered in the record it uses to consider him for parole.

* * *

Conclusion

The OAPA has and retains wide-ranging discretion in parole matters. A prisoner lacks any constitutional or statutory right to parole. However, having established a parole system, and having put in place statutory and regulatory language requiring the OAPA to consider relevant information regarding a prisoner it is considering for parole, the state has created a minimal due-process expectation that the information will actually and accurately pertain to the prisoner whose parole is being considered. Therefore, where a credible allegation of substantive inaccuracies in a prisoner's record is made, the OAPA is obligated to correct those errors before considering the inmate for parole. We therefore reverse and grant a writ ordering appellees to investigate Keith's allegations and correct any substantive errors in the record used to consider him for parole.

*Keith II* at ¶ 26-30, 32.

## Analysis

{¶ 51} Analysis begins with the observation that respondent has no authority to correct the judgment entry of the Hamilton County Court of Common Pleas regarding

relator's aggravated murder conviction. As indicated in *Bradford*, relator moved the common pleas court in January 2015 to correct the judgment entry. After Judge Dinkelacker denied the motion, relator failed to appeal Judge Dinkelacker's decision. Instead, relator filed a mandamus action in the First District Court of Appeals, but the court dismissed the action. Relator's appeal as of right to the Supreme Court of Ohio resulted in the decision of the Supreme Court that relator claims requires respondent "to correct the record." Clearly, the decision of the Supreme Court does not order respondent to take any action. However, relator, in effect, asserts that the factual scenario set forth in the *Bradford* case requires respondent "to correct the record."

{¶ 52} It can be observed from a review of relator's complaint that the May 12, 2016 decision of the Supreme Court in *Bradford* occurred after the Ohio Parole Board forwarded to the Governor its recommendation to deny the application for executive clemency filed on April 24, 2014.

{¶ 53} Also, the *Bradford* decision on which relator relies was issued after the May 12, 2016 decision of the Governor that denied the April 24, 2014 application for executive clemency.

{¶ 54} Clearly, to state the obvious, respondent could not have "corrected the record" until, at the earliest, the date of the *Bradford* decision. Moreover, on that date, the only conceivable action that respondent could have undertaken would be to place a copy of the *Bradford* decision in relator's prison file. However, relator has not alleged in his complaint that he ever asked respondent to do that prior to his filing of this mandamus action.

{¶ 55} Clearly, the publication of the *Bradford* decision by the Supreme Court does not require respondent to conduct another review of relator's April 24, 2014 executive clemency application that was ultimately denied by the Governor.

{¶ 56} Ohio Adm.Code 5120:1-1-15(I) provides:

> If the parole board receives an application for pardon, commutation or reprieve for a person for whom executive clemency was denied within two years from the date the denial was issued by the governor, the parole board shall review the application to determine whether it contains any significant new information that was not and could not have been presented in the earlier application. If the application

> contains no such new information, the parole board shall return the application to the applicant. The parole board shall inform the applicant of the date on which the applicant may reapply for consideration.

{¶ 57} Clearly, the *Bradford* decision does not present "significant new information that was not and could not have been presented in the earlier application."

{¶ 58} Given the above analysis, it is clear that the complaint fails to state a claim on which relief in mandamus can be granted. *O'Brien.*

{¶ 59} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss.

/S/ MAGISTRATE
KENNETH W. MACKE

## NOTICE TO THE PARTIES

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).