**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. McGrath,* Slip Opinion No. 2017-Ohio-8707.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8707

THE STATE EX REL. EVANS, APPELLANT, *v.* MCGRATH, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. McGrath,* Slip Opinion No. 2017-Ohio-8707.]**

*Mandamus and prohibition—Relator has adequate remedy in ordinary course of law—Court of appeals' dismissal of petition affirmed.*

(No. 2016-1755—Submitted May 16, 2017—Decided November 29, 2017.)

APPEAL from the Court of Appeals for Franklin County,

No. 16AP-458, 2016-Ohio-7875.

————————————

**Per Curiam**.

**{¶ 1}** We affirm the judgment of the Tenth District Court of Appeals dismissing the petition of appellant, William H. Evans Jr., for writs of mandamus and prohibition.

**{¶ 2}** In 2015, Evans filed a complaint against the Ohio Department of Rehabilitation and Correction ("DRC") in the Court of Claims, alleging that DRC

was negligent in providing medical care and treatment to him at Ross Correctional Institution. Appellee, Court of Claims Judge Patrick M. McGrath, presided over Evans's case in that court.

{¶ 3} While his medical-malpractice case was pending, Evans filed a petition in the Tenth District for (1) a writ of mandamus to compel Judge McGrath to allow Evans to proceed with his lawsuit based on Evans's alleged absolute right to pursue a civil action and (2) a writ of prohibition to prevent Judge McGrath from dismissing the lawsuit.

{¶ 4} Evans's petition was referred to a magistrate, who recommended dismissal because Evans failed to file the certified cashier's statement required under R.C. 2969.25(C)(1). The court of appeals adopted the magistrate's recommendation to dismiss but stated different reasons for the dismissal. The court held that Evans did not have a clear legal right in mandamus to compel Judge McGrath to "disregard or ignore a statutory requirement placed upon plaintiffs in medical claims by the Ohio legislature." 2016-Ohio-7875, ¶ 5. The court also held that Evans failed to state a claim in prohibition in that his petition improperly sought to bar Judge McGrath, who had jurisdiction over the medical-malpractice case, from dismissing Evans's lawsuit. *Id.* at ¶ 3.

{¶ 5} On October 25, 2016, Judge McGrath entered judgment in favor of DRC and dismissed Evans's case under Civ.R. 41(B)(2) for Evans's failure to present evidence to support his medical-malpractice claim. *Evans v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2015-00663. Evans's appeal from Judge McGrath's judgment dismissing his medical-malpractice suit is currently pending, as case No. 16AP-767, in the Tenth District.

{¶ 6} We affirm the court of appeals' judgment. To be entitled to a writ of mandamus, Evans must establish, by clear and convincing evidence, a clear legal right to the requested relief, a clear legal duty on the part of Judge McGrath to provide it, and the lack of an adequate remedy in the ordinary course of the law.

2

*State ex rel. Tucker v. Matia*, 147 Ohio St.3d 418, 2016-Ohio-7450, 66 N.E.3d 730, ¶ 2.  For a writ of prohibition to issue, Evans must show that Judge McGrath has exercised judicial power, that the exercise of that power was unauthorized by law, and that denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law.  *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18.

{¶ 7} The issues raised by Evans in his mandamus and prohibition petition in this case can be raised in his appeal to the Tenth District from Judge McGrath's dismissal of his medical-malpractice suit.  R.C. 2743.20.  Evans is not entitled to a writ of mandamus or prohibition, because "[a]n appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ."  *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.

{¶ 8} We also deny Evans's motions to stay the proceedings in his appeal to the Tenth District from Judge McGrath's dismissal of his medical-malpractice case.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

William H. Evans Jr., pro se.

Michael DeWine, Attorney General, and Bridget C. Coontz, Assistant Attorney General, for appellee.

_____