[Cite as *State ex rel. Al-Zerjawi v. Baker-Ross*, 2020-Ohio-4967.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE EX REL. SAFAA A. AL-ZERJAWI

    Relator

    v.

SUSAN BAKER-ROSS, JUDGE
SUMMIT COUNTY COMMON
PLEAS COURT

    Respondent

C.A. No.  29810

ORIGINAL ACTION IN
MANDAMUS

Dated:  October 21, 2020

PER CURIAM.

{¶1}   Relator, Safaa A. Al-Zerjawi, has petitioned this Court for a writ of mandamus to compel Respondent, Judge Susan Baker Ross, to settle his App.R. 9(C) Statement of the Evidence.  Judge Baker Ross has moved to dismiss and provided this Court with a copy of her order settling the App.R. 9(C) Statement.  Mr. Al-Zerjawi did not respond to the motion to dismiss.  Because the App.R. 9(C) Statement has been settled by Judge Baker Ross, Mr. Al-Zerjawi's claim is moot, and this Court dismisses his petition.

{¶2}   To obtain a writ of mandamus, Mr. Al-Zerjawi must demonstrate that he has a clear legal right to the relief requested, that the judge has a clear legal duty to provide

it, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6. It is well-settled that mandamus will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541.

{¶3} Mr. Al-Zerjawi sought the writ of mandamus to order Judge Baker Ross to settle his App.R. 9(C) Statement. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to Judge Baker Ross's motion to dismiss, and a review of the trial court docket, Judge Baker Ross has settled the App.R. 9(C) Statement. Accordingly, this matter is moot.

{¶4} Because Mr. Al-Zerjawi's claim is moot, his petition is dismissed. No costs are taxed in this action.

{¶5} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SAFAA A. AL-ZERJAWI, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and MARRETT W. HANNA and JOHN GALONSKI, Assistant Prosecuting Attorneys, for Respondent.