DECISION
 IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION {¶ 1} Relator, Union Metal Corporation, filed this original action seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate the order of its staff hearing officer ("SHO") that relator is not entitled to reimbursement from the surplus fund; and to vacate the full commission's order following appeal of the SHO order, wherein the commission found that (1) it lacks jurisdiction to determine relator's entitlement to reimbursement, (2) the SHO order should be vacated on that basis, and (3) the matter should be determined by respondent Ohio Bureau of Workers' Compensation ("bureau").
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On June 28, 2004, the magistrate rendered a decision, including findings of fact and conclusions of law, and therein recommended that this court grant a writ of mandamus ordering the commission to vacate its order finding it does not have jurisdiction over relator's motion for reimbursement, and to reinstate the SHO's order finding that relator is not entitled to reimbursement from the surplus fund. (Attached as Appendix A.) Relator and respondents timely filed objections to the magistrate's decision, which are now before the court.
 {¶ 3} We note initially that the complaint does not seek a writ of mandamus compelling the commission to reinstate its order finding relator is not entitled to reimbursement from the surplus fund. We cannot grant relief that is not requested. State ex rel. Gibbs v. Concord Twp.Trustees, 152 Ohio App.3d 387, 2003-Ohio-1586, 787 N.E.2d 1248, ¶ 37;State ex rel. Baran v. Fuerst (June 27, 1991), 8th Dist. No. 56679. As such, we reject the magistrate's recommendation that we grant a writ compelling such reinstatement.
 {¶ 4} The complaint does seek a writ compelling the commission tovacate the SHO order. But the record reveals that the commission has already vacated that order, albeit for a reason different from the one upon which relator bases its claim. We cannot issue a writ of mandamus to compel an act that has already been done. State ex rel. Jerninghan v.Cuyahoga Cty. Court of Common Pleas (1996), 74 Ohio St.3d 278, 279,658 N.E.2d 723.
 {¶ 5} Thus, the only issue before the court is relator's request for a writ of mandamus ordering the commission to vacate its order finding that it lacks jurisdiction over relator's motion for reimbursement from the surplus fund. Specifically, on objections, we must determine whether the magistrate correctly concluded that that order should indeed be vacated. Relator's objections address only the separate issue of the substantive correctness of the SHO's order denying reimbursement. But the full commission subsequently vacated the SHO's order, so the substantive correctness of that order is not before the court. As such, relator's objections are moot and will not be addressed.
 {¶ 6} Respondents' objections do address the sole issue before the court, to wit: whether the commission correctly ruled that it lacked jurisdiction to determine relator's entitlement to reimbursement from the surplus fund. Respondents argue that the bureau is the only entity with jurisdiction to consider, in the first instance, relator's motion for reimbursement. They argue that the sections of the Ohio Revised Code relied upon by the magistrate actually support their position that it is the bureau and not the commission who has responsibility for decisions regarding entitlement to surplus fund disbursements. Respondents characterize such decisions as dealing with "risk" and "experience" matters, which the Supreme Court of Ohio has held are within the bureau's jurisdiction, not that of the commission. See State ex rel. GZK, Inc.
(1996), 74 Ohio St.3d 248, 249, 658 N.E.2d 283. Finally, respondents object to the magistrate's characterization of the employer's motion as a "contested" issue. Respondents argue that nothing in the record suggests that the bureau (or anyone) contested the employer's request for reimbursement.
 {¶ 7} In response, relator argues that the sections of the Ohio Revised Code cited by respondents, and the GZK case, are inapposite because the same deal with premium and rating issues, which concern only state-funded employers, not self-insured employers such as relator. Relator concedes that "the [bureau] may have original jurisdiction over issues such as Relator's request for reimbursement," but argues that once such an issue is "contested, the [bureau] must confer jurisdiction to the Commission." (Objections of Relator, 4.)
 {¶ 8} Relator points out that former Ohio Adm. Code 4123-3-15
provides, in pertinent part:
Such requests shall be determined with or without formal (public) hearing as the circumstances presented require. If the request is withinthe jurisdiction of the bureau and the matter is not contested ordisputed, the bureau shall adjudicate the request in the usual manner. In all other cases, the request shall be acted upon by the industrial commission's hearing officer or as otherwise required by the rules of the commission, depending on the subject matter.
Ohio Adm. Code 4123-3-15(B)(7).[1] (Emphasis added.) This rule applies to relator's motion for reimbursement pursuant to former Ohio Adm. Code 4123-3-16(I), which provided that "[m]otions shall be adjudicated in the same manner as provided in paragraph (B)(7) of rule 4123-3-15 of the Administrative Code * * *."
 {¶ 9} The issue whether relator is entitled to reimbursement from the surplus fund is one within the original jurisdiction of the bureau. The bureau's administrator, and only that individual, is charged with maintaining the state insurance fund, including the surplus fund. R.C.4123.34. The bureau's administrator is likewise charged with adopting rules "with respect to the collection, maintenance, and disbursements of the state insurance fund * * *." R.C. 4123.32. The statutes outlining the original jurisdiction of the commission's district and staff hearing officers, however, contain no provisions relating to the surplus fund or reimbursements therefrom. See R.C. 4121.34 and R.C. 4121.35.
 {¶ 10} Relator characterizes the motion for reimbursement as "contested" and thus a matter that should be acted upon not by the bureau but by the commission, pursuant to former Ohio Adm. Code 4123-3-15(B)(7). Relator's rationale is that if the bureau had chosen to do so, it could have issued an order granting the motion; instead, the bureau referred the matter to the commission for adjudication. According to relator, when the bureau made this referral, it was effectively "contesting" the motion. Respondents state that the referral was simply an error for which they do not offer an explanation, but they deny that the referral renders relator's motion a "contested" matter within the meaning of former Ohio Adm. Code 4123-3-15(B)(7).
 {¶ 11} The bureau has defined "contested or disputed claim" as "one the validity of which, as an industrial claim, is questioned by the employer or by the bureau of workers' compensation." Ohio Adm. Code4123-3-09(B)(1). But the bureau has not specifically defined "contested or disputed" as used in, or within the context of, former Ohio Adm. Code4123-3-15(B)(7). To "contest" has been defined as to "call into question" or to "challenge." Black's Law Dictionary (8 Ed. 2004) 337. We do not view the bureau's referral to the commission as sufficient evidence of its intent to call into question, challenge or contest the validity of relator's claim for reimbursement. The bureau's intent would have better manifested itself through a decision either granting or denying the requested reimbursement. Because this did not occur, the record is insufficient for this court to conclude that relator has a clear legal right to commission adjudication of its request for reimbursement. Accordingly, we sustain respondents' objections to the magistrate's conclusion that the commission abused its discretion in concluding it had no jurisdiction and in referring the matter back to the bureau. Rather, we conclude that the commission correctly determined that it lacked jurisdiction to adjudicate the matter in the first instance.
 {¶ 12} For all of the foregoing reasons, we adopt the magistrate's findings of fact, but reject the magistrate's conclusions of law, and substitute the same with our own as set forth in this decision. We sustain respondents' objections, overrule relator's objections as moot, and deny the requested writ of mandamus.
Respondents' objections sustained; relator's objections overruled asmoot, and writ of mandamus denied.
Brown, P.J., and Lazarus, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
The State of Ohio ex rel. :
Union Metal Corporation, :
 Relator, :
v. : No. 03AP-1247
The Industrial Commission of Ohio, :
 : (REGULAR CALENDAR)
James Conrad, Administrator of the :
Ohio Bureau of Workers' Compensation :
and Dennis R. Edie, :
Respondents. :
 MAGISTRATE'S DECISION Rendered on June 28, 2004 Black, McCuskey, Souers Arbaugh, Gust Callas, and Brian R. Mertes,
for relator.
Jim Petro, Attorney General, and Dennis L. Hufstader, for respondents Industrial Commission of Ohio and Administrator of the Ohio Bureau of Workers' Compensation.
 IN MANDAMUS {¶ 13} Relator, Union Metal Corporation, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate two of its orders. First, relator seeks a writ of mandamus ordering the commission to vacate its order which determined that relator was not entitled to be reimbursed from the state surplus fund and, second, that the commission abused its discretion by referring the matter back to the Ohio Bureau of Workers' Compensation ("BWC"). Relator requests a writ of mandamus issue ordering the commission to vacate those orders, find that it had jurisdiction to reach the issue, and find that relator is entitled to reimbursement from the state surplus fund.
Findings of Fact:
 {¶ 14} 1. Respondent Dennis R. Edie ("claimant"), sustained a work-related injury on May 19, 2001, and his claim has been allowed for: "contusion right hip; lumbar sprain."
 {¶ 15} 2. Relator paid temporary total disability ("TTD") compensation to claimant from May 1, 2001 to October 31, 2002, at which time the commission found that claimant had reached maximum medical improvement.
 {¶ 16} 3. While claimant was receiving TTD compensation, the BWC conducted an investigation into claimant's potential work activities. The BWC determined that claimant was operating a paintball business while contemporaneously receiving TTD benefits.
 {¶ 17} 4. By order dated February 4, 2003, a district hearing officer ("DHO") determined that claimant had been engaged in work activities during the time that he received TTD compensation and further found that the elements of fraud had been established. The DHO determined that the overpayment was authorized to be re-couped under the fraud provisions of R.C. 4123.511(J).
 {¶ 18} 5. Thereafter, on March 10, 2003, relator filed a motion with the BWC and the commission requesting reimbursement from the surplus fund in the amount of the overpayment, $22,402.07, which represented the amount of TTD compensation fraudulently received by claimant.
 {¶ 19} 6. By notice dated March 12, 2003, the BWC referred the matter to the commission for determination.
 {¶ 20} 7. On May 5, 2003, the matter was heard before a DHO who determined that relator was not entitled to reimbursement from the surplus fund. The DHO concluded that relator's reliance on State ex rel.Sysco Food Serv. of Cleveland, Inc. v. Indus. Comm. (2000),89 Ohio St.3d 612, was misplaced and that relator could collect the overpayment pursuant to R.C. 4123.511(J). The DHO noted as follows:
* * * In Sysco Food Services, a lost time claim that was previously allowed by the Industrial Commission and temporary total disability compensation ordered to be paid was latter [sic] disallowed by the Court of Appeals with no further appeals to that decision filed by any parties. The Ohio Supreme Court in Sysco Food Services held that the selfinsured employer would be barred from receiving reimbursement of the overpaid temporary total disability compensation amount under ORC4123.511(J) because employer's right to a remedy under Section 16, Article I of the Ohio Constitution is lost when injured worker's entire compensation is disallowed offering no chance of possible future recoupment in that claim unless injured worker has other active claims with the same employer.
However, District Hearing Officer finds that the facts in Sysco FoodServices can be distinguished from today's claim. In today's claim, the self-insured employer has an opportunity to collect the amount of overpaid temporary total disability compensation issued from District Hearing Officer order 02/04/2003 because the claim has not been entirely disallowed and remains today an active claim. Injured worker can still apply for and receive temporary total disability compensation in this claim in the future, which would automatically trigger District Hearing Officer order 02/04/2003 and the temporary total disability compensation overpayment language in ORC 4123.511(J)(1) through ORC 4123.511(J)(3). The self-insured employer in today's claim has not shown persuasive evidence that they have lost their "right to remedy" under Section 16, Article I of the Ohio Constitution as is required in the Sysco FoodServices holding to trigger reimbursement from the state surplus fund. District Hearing Officer finds that the employer has merely shown at today's hearing an easier way for them to recoup the overpaid temporary total disability compensation ordered in District Hearing Officer order 02/04/2003 and has provided no evidence that their "right to remedy" has been completely lost.
 {¶ 21} 8. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on July 2, 2003. The SHO affirmed the prior DHO order and provided as follows:
Employer relies upon State ex rel. Sysco Food Services of Clevelandvs. Industrial Commission 89 Ohio St. 3d 612 (2001) for the legal argument that they are entitled to recoupment of the amount by which the claimant has been held to have been overpaid by fraudulently receiving temporary total disability compensation over a period when he was working out of the surplus fund. * * * Revised Code Section 4123.511(J), provide[s] that the manner by which the employer be repaid the amount found overpaid is through recollection of future awards out of this claim or other claims which the claimant may, in the future, receive. SyscoFood Services holds that the constitutional requirement that a remedy be granted in a meaningful time and a meaningful manner implies that that remedy is not sufficient if it may or may not occur, may or may not make full restitution, or make [sic] take years to fulfill. Every finding of overpayment in a workers' compensation matter, which under the current statutory scheme will be recouped by either the self-insured employer or the state insurance fund, is to some degree uncertain of being recouped. * * * In this case, unlike the case under consideration in Sysco Foods,
the underlying claim remains open, so that the claimant may seek future awards out of it.
In light of the absence of any indication that the court was holding the statutory scheme inadequate under normal circumstances, and in light of the fairly typical situation of a large fraud based overpayment to be found in this claim, and in light of the factual differences between this claim and the claim under consideration in Sysco Foods, the Staff Hearing Officer finds that the rule in the Sysco Foods decision is inapplicable to the facts of this case, and that the employer may only be reimbursed the amount of the overpayment, in the manner prescribed under Revised Code Section 4123.511(J) and not out of the statutory surplus account of the state insurance fund.
 {¶ 22} 9. Relator appealed and the matter was heard before the commission on August 26, 2003. The commission determined that the SHO order dated July 2, 2003 should be vacated because the commission lacked jurisdiction to adjudicate the motion. Specifically, the commission determined that, under R.C. 4123.511(C), the commission has jurisdiction to hear "contested" claims issues and that the request for reimburse-ment from the surplus fund is not a "contested" claim, but, rather, a risk issue between the employer and the BWC. As such, the commission determined that the BWC had original jurisdiction over the issue and the commission lacked the statutory authority to hear the matter.
 {¶ 23} 10. Relator's request for reconsideration was denied by order mailed November 14, 2003.
 {¶ 24} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 25} For the reasons that follow, this magistrate finds that this court should grant a writ of mandamus ordering the commission to reinstate its SHO order of July 2, 2003 finding that relator was not entitled to reimbursement from the surplus fund.
 {¶ 26} The commission determined that, pursuant to R.C. 4123.511(C), relator's request for reimbursement from the surplus fund was not a "contested" issue and that the commission did not have jurisdiction to hear it. However, the commission is mistaken.
 {¶ 27} The commission cited R.C. 4123.511(C) in support of its arguments. To fully understand that section, one must also look at subparagraph R.C. 4123.511(B)(1). As such, the relevant statutory provisions provide as follows:
(A)(1) Within seven days after receipt of any claim under this chapter, the bureau of workers' compensation shall notify the claimant and the employer of the claimant of the receipt of the claim and of the facts alleged therein. * * * Upon receipt of a claim, the bureau shall advise the claimant of the claim number assigned and the claimant's right to representation in the processing of a claim or to elect no representation. If the bureau determines that a claim is determined to be a compensable lost time claim, the bureau shall notify the claimant and the employer of the availability of rehabilitation services. * * *
* * *
(B)(1) Except as provided in division (B)(2) of this section, in claims other than those in which the employer is a selfinsuring employer, if the administrator determines under division (A) of this section that a claimant is or is not entitled to an award of compensation or benefits, he shall issue an order, no sooner than twenty-one days but no later than twenty-eight days after the sending of the notice under division (A) of this section, granting or denying the payment of the compensation or benefits, or both as is appropriate to the claimant. * * *
(2) * * * [I]f the employer certifies a claim for payment of compensation or benefits, or both, to a claimant, and the administrator has completed his investigation of the claim, the payment of benefits or compensation, or both, as is appropriate, shall commence upon the later of the date of the certification or completion of the investigation and issuance of the order by the administrator[.] * * *
(3) If an appeal is made under division (B)(1) or (2) of this section, the administrator shall forward the claim file to the appropriate district hearing officer within seven days of the appeal. In contested claims other than state fund claims, the administrator shall forward the claim within seven days of his receipt of the claim to the industrial commission who shall refer the claim to an appropriate district hearing officer for a hearing in accordance with division (C) of this section.
(C) If an employer or claimant timely appeals the order of the administrator issued under division (B) of this section or in the case of other contested claims other than state fund claims, the commission shall refer the claim to an appropriate district hearing officer according to rules the commission adopts under section 4121.36 of the Revised Code. * * *
 {¶ 28} The above statutory provisions pertain to the initial allowance of a claim either by the self-insuring employer who certifies the claim or by the administrator when the original request for the claim allowance has been filed. Pursuant to division (C), if either the employer or claimant appeal from the order of the administrator, or, in the event that the case is otherwise contested, the matter is to be referred to the appropriate DHO according to the commission's rules. This section does not, in and of itself, pertain to situations where a claim has been allowed, and compensation has already been paid but the orders paying the compensation have been vacated because it has been found that a claimant, otherwise entitled to compensation, has committed an act of fraud. As such, the commission erred when it determined that it did not have jurisdiction over this matter by virtue of R.C. 4123.511(C). The BWC had referred the matter to the commission for a hearing. Furthermore, pursuant to R.C. 4123.29, 4123.32 and 4123.34, the administrator of the BWC, with the advice and consent of the workers' compensation oversight commission, is required to adopt rules with respect to the collection, maintenance, and disbursement of the state insurance fund, including the surplus fund. Pursuant to its authority, the BWC referred the issue of whether or not relator was entitled to reimbursement from the surplus fund to the commission as the matter was contested. This magistrate finds that the BWC acted properly in referring the matter to the commission.
 {¶ 29} The question then becomes whether the commission abused its discretion by finding that relator was not entitled to reimbursement from the surplus fund for the overpayment of TTD compensation to claimant. This magistrate finds that the commission did not abuse its discretion in this regard.
 {¶ 30} Relator relies upon the Sysco case; however, the present case is clearly distinguishable from Sysco. In Sysco, the commission had initially allowed the claim on behalf of the injured worker. The employer appealed the matter and, following adjudication in the trial court and the appellate court, it was determined that the injured worker did not have the right to participate in the workers' compensation system and the claim was not allowed. The employer had already made payments to the injured worker. Because there was no longer a valid claim from which the injured worker could, at any later time, receive compensation, the court determined that the employer did not have a valid remedy at law and ordered that the employer be compensated from the surplus fund.
 {¶ 31} In the present case, there is no dispute that claimant received a work-related injury and claimant's claim has been allowed for certain conditions. In reliance upon valid medical evidence, the commission had awarded TTD compensation to claimant and relator began paying that compensation. During the pendency of those payments, it became apparent that claimant was engaged in other work activity which was inconsistent with the receipt of TTD compensation. As such, an action was brought to declare the payment of TTD compensation an overpayment and to determine that claimant had engaged in fraud. The commission determined that the money had been overpaid and made the finding of fraud. Thereafter, the commission determined that relator could recoup the money pursuant to R.C. 4123.511(J).
R.C. 4123.511(J) provides, in pertinent part, as follows:
Upon the final administrative or judicial determination, if a claimant is found to have received compensation to which he was not entitled, his employer, if he is a self-insuring employer, or the bureau, shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, under Chapter 4121., 4123., 4127., or 4131. of the Revised Code, the amount to which the claimant was not entitled * * *.
 {¶ 32} The statute provides a gradual withholding schedule that allows a claimant to retain some amount of weekly benefit during the repayment process. Because there is a valid claim pending which has been recognized, it is entirely conceivable that claimant will again apply for compensation in the future. If such an award is made, then relator has the right to recoup the money which was overpaid pursuant to R.C.4123.511(J). As the commission said in its order, there is nothing in theSysco decision which would lend credence to the argument that the Ohio Supreme Court had determined that the entire statutory scheme was inadequate under normal circumstances. As such, this magistrate finds that the holding in Sysco is not applicable to the facts of this case and that relator has an available remedy at law, by way of R.C. 4123.511(J). The commission should be ordered to reinstate its prior order finding that relator was not entitled to recoupment from the overpayment from the surplus fund. Relator also argues that, pursuant to State ex rel.Kokosing Constr. Co., Inc. v. Ohio Bur. of Workers' Comp., Franklin App. No. 02AP-1252, 2003-Ohio-4894, reimbursement should be permitted. This magistrate disagrees. In Kokosing, the claimant's claim was initially allowed and TTD compensation was paid to the claimant. Later, the employer moved to decertify the claim based on an allegation of fraud. Ultimately, as in Sysco, the entire claim was disallowed and an overpayment declared. This court determined that the employer should be reimbursed from the surplus fund.
 {¶ 33} The facts of this case differ from both Sysco and Kokosing in one important respect: in the present case, the claim has been allowed and future compensation can be paid out. Therefore, pursuant to R.C.4123.511(J), relator has a remedy to collect the overpayment which the employer in Sysco and Kokosing did not.
 {¶ 34} Based on the foregoing, it is this magistrate's decision that this court issue a writ of mandamus ordering the commission to vacate its order finding that it did not have jurisdiction over this question and to reinstate its order finding that the employer is not entitled to reimbursement from the surplus fund.
[1] An amended version of Ohio Adm. Code 4123-3-15 became effective on November 1, 2004. The rule formerly denominated as subsection (B)(7), which we reprinted above, and upon which relator relies in its objections, is contained at subsection (B)(6) of the amended version, and contains terminology that is slightly different from the former version. However, the substance of the rule has not changed.