[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Heavey v. Husted,* Slip Opinion No. 2018-Ohio-1152.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1152

THE STATE EX REL. HEAVEY ET AL. *v.* HUSTED ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Heavey v. Husted,* Slip Opinion No. 2018-Ohio-1152.]

*Mandamus—Elections—R.C. 3513.05—Joint candidates for governor and lieutenant governor did not show by clear and convincing evidence a legal right to have their names placed on the ballot—Writ denied.*

(No. 2018-0313—Submitted March 26, 2018—Decided March 29, 2018.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this expedited election case, relators, Jonathan Heavey and Adam Hudak, seek a writ of mandamus certifying their names to the May 8, 2018 ballot as candidates for the Democratic Party's nominees for governor and lieutenant governor, respectively. For the reasons set forth below, we deny the writ.

**Background**

**{¶ 2}** On February 7, 2018, Heavey and Hudak delivered their declaration of candidacy and petition for the Democratic Party nomination for governor and lieutenant governor to the office of respondent Jon Husted, Ohio secretary of state. The petition contained 2,185 signatures.

**{¶ 3}** A petition of joint candidates for the offices of governor and lieutenant governor must be signed by at least 1,000 qualified electors who are members of the same political party as the candidates. R.C. 3513.05. The secretary of state transmitted Heavey and Hudak's part-petitions to the appropriate county boards of elections to verify the signatures. The county boards of elections verified the validity of only 854 signatures. Therefore, when Secretary Husted issued Directive 2018-06 on February 21, 2018, certifying statewide candidates for the May 8 ballot, Heavey and Hudak were not on the list.

**{¶ 4}** Heavey and Hudak commenced the present action on February 28, 2018. In addition to Secretary Husted, the complaint named as respondents the boards of elections of five counties: Cuyahoga, Franklin, Hamilton, Summit, and Warren. Heavey and Hudak alleged that Husted and the boards abused their discretion and disregarded applicable law by rejecting at least 146 valid signatures. The complaint demanded a writ of mandamus compelling the boards to amend their certifications of the number of valid signatures and compelling Husted to certify Heavey and Hudak's names to the May 8 ballot.

**{¶ 5}** Because this case was filed within 90 days of the May 8 election, the parties submitted briefs in accordance with the accelerated schedule for expedited election cases in S.Ct.Prac.R. 12.08.

**Analysis**

**{¶ 6}** To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate

remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. Given that the May 8 election is imminent, Heavey and Hudak do not have an adequate remedy in the ordinary course of the law. *See State ex rel. Stewart v. Clinton Cty. Bd. of Elections*, 124 Ohio St.3d 584, 2010-Ohio-1176, 925 N.E.2d 601, ¶ 17 (holding that relator had no adequate remedy at law because election was imminent at time county elections board denied relator's protest); *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 18 (same).

**{¶ 7}** However, Heavey and Hudak have failed to show a clear legal right to the relief they seek: certification to the ballot. Some of the respondent boards have conceded the validity of some of the disputed signatures. But Heavey and Hudak fell 146 signatures short of qualifying for the ballot, and they have not presented clear and convincing evidence that there were at least 146 erroneously-rejected signatures.

**{¶ 8}** Their initial brief and supporting evidence identified only 121 signatures that they claim were wrongly invalidated:

- 37 signatures rejected as "NRA" (not registered address): 4 in Cuyahoga County, 25 in Franklin County, 6 in Hamilton County, 1 in Mahoning County,[1] and 1 in Summit County;

- 48 signatures rejected as "NR" (not registered): 29 in Cuyahoga County, 18 in Franklin County, and 1 in Montgomery County;[2]

- 14 signatures as "NG" (not genuine): 5 in Cuyahoga County, 1 in Franklin County, 7 in Hamilton County, and 1 in Summit County;

- 13 signatures rejected because they were printed, not written in cursive: 11 in Franklin County and 2 in Montgomery County;

---

[1] The Mahoning County Board of Elections was not named as a respondent.
[2] The Montgomery County Board of Elections was not named as a respondent.

- 7 signatures in Franklin County rejected as illegible;

- 1 signature in Hamilton County rejected because the signer was not a member of the same political party as the candidates; and

- 1 signature in Warren County rejected based on a typographical error in the date of signature.

Even if they succeeded in validating all 121 of these signatures, Heavey and Hudak would have a total of only 975 valid signatures, 25 short of the 1,000 necessary to qualify for the ballot.

{¶ 9} To make up the shortfall, they allege that "[t]he evidence to date reflects that in excess of 100 signatures of properly-registered, qualified electors of the Democratic party signed [the] petition in printed form while having voter registration records signed in cursive, and were invalidated on this basis." In their reply brief, they identify 32 additional signatures disqualified by the Cuyahoga County Board of Elections as "NG" (not genuine). As to each of these 32 signatures disqualified as not genuine, Heavey and Hudak write, "it is reasonable * * * to conclude that the Boards rejected the signature on the basis of a mismatch between the appearance of the signature on the petition and the elector's voter registration card." They then argue that boards of elections should not be able to invalidate signatures based upon a signature mismatch solely because one signature is printed and the other is written in cursive.

{¶ 10} Heavey and Hudak's assumption is that the board of elections invalidated these 32 signatures based on a print/cursive mismatch, but that is complete speculation. A print/cursive mismatch is not the only reason a petition signature might appear to be not genuine. Boards of elections are "required to compare petition signatures with voter registration cards to determine if the signatures are genuine." *State ex rel. Yiamouyiannis v. Taft*, 65 Ohio St.3d 205, 209, 602 N.E.2d 644 (1992). In doing so, they are permitted to consider all manner of signature discrepancies. For example, in *State ex rel. Mann v. Delaware Cty.*

4

*Bd. of Elections*, we invalidated two signatures by comparing details of the writing style:

> [O]n the petition, the "R" at the start of Ralph Davis's name was made in one continuous stroke, whereas the signature on the mortgage deeds featured a two-stroke "R." Likewise, we note that the signatures in the board's official poll books (six examples of which appear in the record) all begin with the two-stroke "R." In fact, even the affidavit submitted as evidence at the protest hearing contains the two-stroke "R." The sole outlier is the petition signature.
>
> * * * The record contains eight examples of [Starla Rito's] signature, signing either as "Starla Rito" or "Starla Cox." In six of them, the name "Starla" begins with a printed capital "S" that does not connect to the next letter: two signatures on voter-registration cards and four signatures on mortgage papers. The only exceptions are the petition signature and the affidavit, where the name begins with a cursive "S."

143 Ohio St.3d 45, 2015-Ohio-718, 34 N.E.3d 94, ¶ 14-15. The record in this case does not contain the voter-registration records for the 32 voters Heavey and Hudak claim were improperly invalidated due to a print/cursive mismatch, meaning they have not even proven that there *was* a print/cursive mismatch.

{¶ 11} We find the same evidentiary problem when we examine some of the 121 signatures originally identified in Heavey and Hudak's merit brief. For example, the Cuyahoga County board of elections invalidated the signature of Mandy Neudecker as not genuine. Heavey and Hudak allege that the board abused its discretion because the signature on the petition was sufficiently similar to the

one on file with the board, but a copy of the latter signature is not in the record. The same is true of at least six other signatures that Heavey and Hudak allege were erroneously labeled "NG."[3]

**{¶ 12}** Heavey and Hudak have not shown, by clear and convincing evidence, a legal right to have their names placed on the May 8 ballot. As previously stated, even if they made the required showing as to all the remaining signatures, it would be insufficient to qualify them for the ballot. We therefore deem it unnecessary to address the other issues raised in the briefs of the parties.

**{¶ 13}** Based on the foregoing, we deny the request for a writ of mandamus.

Writ denied.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DeGENARO, JJ., concur.

DeWINE, J., not participating.

_____

Brunner Quinn, and Patrick M. Quinn, for relators.

Michael DeWine, Attorney General, and Renata Y. Staff and Sarah E. Pierce, Assistant Attorneys General, for respondent Secretary of State Jon Husted.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brendan R. Doyle, Assistant Prosecuting Attorney, for respondent Cuyahoga County Board of Elections.

Ronald J. O'Brien, Franklin County Prosecuting Attorney, and Timothy A. Lecklider, Assistant Prosecuting Attorney, for respondent Franklin County Board of Elections.

---

[3] Janetta Foster, Stepheny Caldonia, Mark Samaan, Chermaine Thomas, Deborah Lee, and Earlene Robinson.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and David T. Stevenson and Cooper D. Bowen, Assistant Prosecuting Attorneys, for respondent Hamilton County Board of Elections.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Peter W. Nischt and Rocky Radeff, Assistant Prosecuting Attorneys, for respondent Summit County Board of Elections.

_____