[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roberts v. Hatheway*, Slip Opinion No. 2021-Ohio-4097.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-4097

THE STATE EX REL. ROBERTS, APPELLANT, *v*. HATHEWAY,[1] JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roberts v. Hatheway*, Slip Opinion No. 2021-Ohio-4097.]

*Mandamus—Procedendo—Petition for a writ of mandamus and/or procedendo seeking to compel a trial-court judge to rule on a motion was properly dismissed by the appellate court because the judge had already issued an entry dismissing the motion on res judicata grounds and petitioner had an adequate remedy at law through direct appeal of the motion's dismissal— Court of appeals judgment affirmed.*

(No. 2021-0771—Submitted October 5, 2021—Decided November 23, 2021.)

APPEAL from the Court of Appeals for Hamilton County, No. C-2100242.

_____

1. Judge Alison Hatheway succeeded Judge Charles Kubicki Jr., who was originally named as the appellee.  Pursuant to S.Ct.Prac.R. 4.06(B), Judge Hatheway is automatically substituted for former Judge Kubicki as a party to this action.

**Per Curiam.**

{¶ 1} Appellant, Mallon Roberts, appeals the judgment of the First District Court of Appeals dismissing his petition for a writ of mandamus and/or a writ of procedendo ordering appellee, Hamilton County Court of Common Pleas Judge Alison Hatheway, to rule on his jurisdictional motion. We affirm.

{¶ 2} In June 2020, Roberts filed in the Hamilton County Court of Common Pleas a "Motion Challenging Subject Matter Jurisdiction of Trial Judge Pursuant to Sup.R. 4, Sup.R. 36, Hamilton County Local Rule 7(E), O.R.C. 2701.031."

{¶ 3} In April 2021, Roberts filed a petition in the court of appeals seeking a writ of mandamus and/or a writ of procedendo to compel Judge Hatheway to rule on his motion. Eight days after Roberts filed his petition with the court of appeals, Judge Hatheway issued an entry dismissing Roberts's motion on res judicata grounds.

{¶ 4} In May 2021, the court of appeals dismissed Roberts's petition, determining that the procedendo claim was moot in light of Judge Hatheway's entry and that a writ of mandamus was not the proper remedy to redress Roberts's alleged injury. Roberts then filed this appeal.

{¶ 5} "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). An action in procedendo becomes moot when the court performs the duty requested. *See State ex rel. Morgan v. Fais*, 146 Ohio St.3d 428, 2016-Ohio-1564, 57 N.E.3d 1140, ¶ 4. Because the trial court has ruled on Roberts's motion, the court of appeals properly dismissed the procedendo claim as moot.

{¶ 6} Roberts's request for a writ of mandamus is controlled by similar logic. Even assuming that a writ of mandamus could provide relief beyond that afforded by a writ of procedendo, a "writ of mandamus will not issue to compel an act already performed." *State ex rel. Jerninghan v. Cuyahoga Cty. Court of*

*Common Pleas*, 74 Ohio St.3d 278, 279, 658 N.E.2d 273 (1996).  Because the trial court has performed the act requested by Roberts, mandamus cannot lie.

{¶ 7} To the extent Roberts attempts to use his petition to argue the merits of his underlying jurisdictional motion, he has an adequate remedy by way of appeal to address any alleged error in the trial court's ruling on that motion.  *See State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 8 ("neither a writ of procedendo nor a writ of mandamus will issue if an adequate remedy exists in the ordinary course of law").

{¶ 8} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER, J., not participating.

_____

Mallon Roberts, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellee.

_____