[Cite as *Serra v. Betleski*, 2022-Ohio-2819.]

STATE OF OHIO        )                    IN THE COURT OF APPEALS
                               )ss:                 NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

WAYNE M. SERRA                          C.A. No.  22CA011844

      Relator

      v.

MARK A. BETLESKI, JUDGE COURT
OF COMMON PLEAS FOR LORAIN          ORIGINAL ACTION IN MANDAMUS
COUNTY                                AND PROCEDENDO

      Respondent

Dated:  August 15, 2022

PER CURIAM.

{¶1} Petitioner, Wayne Serra, has petitioned this Court for writs of mandamus and procedendo to compel Respondent, Judge Mark Betleski, to proceed to an immediate hearing on his pending motion for temporary restraining order and to issue an order preventing a party in the underlying case from doing anything to transfer or assign specific property until a final decision is rendered in the underlying case.  Mr. Serra further moved this Court for an order enjoining the same party from transferring or assigning that property.  Judge Betleski has moved to dismiss this case as moot because he has now entered an order denying the motions in the underlying case.  For the following reasons, this Court grants the motion to dismiss.

*Background*

{¶2} According to the complaint, Mr. Serra filed a civil action in the Lorain County Common Pleas Court in the fall of 2020.  Through that action, Mr. Serra sought to enforce a

settlement agreement that required one of the parties to assign intellectual property rights to him in exchange for a release of claims by Mr. Serra.

{¶3} The case was stayed for about six months by the defendant's bankruptcy filing. In July 2021, after the bankruptcy case was dismissed, the proceedings resumed in the common pleas court. The next month, another party filed suit against the same defendant in federal court; Mr. Serra is not a party to that suit. That party claimed that it owned the intellectual property rights that were the subject of Mr. Serra's suit.

{¶4} At the end of September 2021, Judge Betleski's court was made aware of the federal case. Mr. Serra moved for a temporary restraining order to prevent the loss of intellectual property rights. The defendant indicated that it intended to seek a stay of the case in Judge Betleski's court in favor of litigating the action in federal court.

{¶5} The following month, Mr. Serra filed another motion for temporary restraining order. The purpose, according to Mr. Serra's complaint, was to protect the status quo between the litigants and preserve his ability to obtain relief. The briefing was completed in November 2021.

{¶6} According to the complaint, there have been several pretrial conferences since briefing was completed. In January 2022, at another pretrial conference, the parties were told that the court intended to issue a decision the following week. No ruling had issued by the time Mr. Serra filed this action in March 2022.

{¶7} Judge Betleski has now moved to dismiss this case. He attached to his motion an order that denied Mr. Serra's motion for a temporary restraining order or a preliminary injunction.

*Injunctive Relief*

{¶8}   In both the introduction and conclusion of the complaint, Mr. Serra asked this court to grant him injunctive relief.  Specifically, he sought an order from this Court to enjoin the defendant in the underlying case from transferring or otherwise encumbering the property that is the subject of that action.

{¶9}   The Ohio Constitution vests the courts of appeals with original jurisdiction over five extraordinary writs:  habeas corpus, mandamus, procedendo, prohibition, and quo warranto. Ohio Constitution, Article IV, Section 3(B)(1).  But the Ohio Constitution does not grant the courts of appeals original jurisdiction to grant injunctive relief.  *See, e.g., State ex rel. Duncan v. Am. Transm. Systems, Inc.*, Slip Opinion No. 2022-Ohio-323, ¶ 7.  Because this Court does not have jurisdiction to grant injunctive relief, Mr. Serra's claim for it must fail.

*Procedendo and Mandamus*

{¶10}   The writs of procedendo and mandamus generally serve different purposes. However, in the context of ordering a court to proceed, the Supreme Court has treated them both as available remedies.  "Although mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate, since '[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).  Because Mr. Serra requested both writs for the same purpose, we will refer to the writ of procedendo as it is the more appropriate writ.

{¶11}   To obtain a writ of procedendo, Mr. Serra must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law.  *State ex rel. Ward v. Reed*,

141 Ohio St.3d 50, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Procedendo is the appropriate remedy when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *See, e.g., State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, ¶ 20. It is well-settled that procedendo will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541.

{¶12} Mr. Serra sought a writ of procedendo to order Judge Betleski to rule on the motions for temporary restraining order or preliminary injunction. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to Judge Betleski's motion to dismiss, and a review of the trial court docket, Judge Betleski has now ruled on the motions that were the subject of this petition. Accordingly, this matter is moot.

{¶13} Because Mr. Serra's claim is moot, this case is dismissed.

{¶14} No costs are taxed. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

WAYNE M. SERRA, Pro se, Relator.

J.D. TOMLINSON, Prosecuting Attorney, and GREG PELTZ, Assistant Prosecuting Attorney, for Respondent.