[Cite as *State ex rel. Eichenberger v. Serrott*, 2024-Ohio-718.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Raymond L. Eichenberger, | : | |
| Relator, | : | |
| v. | : | No. 23AP-355 |
| Mark Serrott, Judge | : | (REGULAR CALENDAR) |
| Franklin County Common Pleas Court et al., | | |
| | : | |
| Respondents. | | |
| | : | |

D E C I S I O N

Rendered on February 27, 2024.

*Raymond L. Eichenberger*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Thomas W. Ellis*, for respondents.

IN MANDAMUS

BEATTY BLUNT, J.

{¶ 1} Relator, Raymond L. Eichenberger, has filed this original action seeking a writ of mandamus and a writ of procedendo ordering respondent, the Honorable Mark Serrott, judge of the Franklin County Court of Common Pleas, General Division, to immediately rule on relator's motion to quash in *Franklin County Prosecutor G. Gary Tyack v. Raymond L. Eichenberger*, Franklin C.P. No. 21CV-2629.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that the actions sought in relator's complaint have already performed, and therefore, he cannot show he is entitled to either an extraordinary

writ of mandamus or a writ of procedendo.  Accordingly, the magistrate recommended this court dismiss relator's action sua sponte.

**{¶ 3}**  No objections have been filed to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

**{¶ 4}**  Upon review, we have found no error in the magistrate's findings of fact or conclusions of law.  Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein, and conclude that relator has not shown he is entitled to either a writ of mandamus or a writ of procedendo, and his action must be dismissed.

*Writ of mandamus denied;*
*writ of procedendo denied;*
*action dismissed.*

BOGGS and EDELSTEIN, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Raymond L. Eichenberger, | : | |
| Relator, | : | |
| v. | : | No. 23AP-355 |
| Mark Serrott, Judge<br>Franklin County Common Pleas Court et al, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 30, 2023

*Raymond L. Eichenberger,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Thomas W. Ellis,* for respondents.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 5}   Relator, Raymond L. Eichenberger, has filed this original action seeking a writ of mandamus and writ of procedendo ordering respondent, the Honorable Mark Serrott, judge of the Franklin County Court of Common Pleas, General Division, to immediately rule on relator's motion to quash in *Franklin County Prosecutor v. Eichenberger*, Franklin C.P. No. 21CV-2629 ("Case No. 21CV-2629").

## I. Findings of Fact

{¶ 6}   1. Relator is the defendant in Case No. 21CV-2629.

{¶ 7}   2. Respondent Serrott is a public official serving as judge of the Franklin County Court of Common Pleas, General Division, who was assigned to preside over Case

No. 21CV-2629.

{¶ 8}   3. Relator filed his complaint in this action in mandamus and procedendo on June 9, 2023. In addition to respondent Serrott, relator also names as respondent the Franklin County Common Pleas Court Administrative Judge.

{¶ 9}   4. In his complaint, relator alleges that "[o]n or about January 3, 2023, in spite of the fact of no Service of Summons and Complaint in the case, Judge Serrott inexplicably entered a Default Judgment against the Defendant and found in that Judgment Entry that Defendant was an alleged vexatious litigator." (Compl. at 2.) Relator states that he "discovered the existence of the Default Judgment against him in February of 2023, and immediately filed a Motion to Quash Service of Summons in Case No. 21 CV 002629 on March 3, 2023." (Compl. at 2.) Relator further states that "[t]o date Judge Serrott has failed to rule on the Motion to Quash, in spite of the fact that the Motion was unopposed by the Plaintiff in the case (no Memorandum Contra was ever filed to the Motion to Quash)." (Compl. at 2.)

{¶ 10} 5. Relator seeks a writ of mandamus and a writ of procedendo ordering respondent Serrott to immediately rule on relator's motion to quash in Case No. 21CV-2629. Relator also seeks any other form of remedy to order respondent Serrott to rule on the motion to quash. Finally, relator also seeks reimbursement of any attorney fees and court costs expended in this action.

{¶ 11} 6. On July 19, 2023, respondents filed a motion for leave to file motion to dismiss accompanied by a motion to dismiss pursuant to R.C. 2323.52(I) and Civ.R. 12(B)(1). Relator filed a memorandum contra respondents' motion for leave to file motion to dismiss on July 25, 2023.

{¶ 12} 7. On August 21, 2023, respondent Serrott issued an entry in Case No. 21CV-2629 granting relator's March 3, 2023 motion to quash and dismissing the complaint.

## II. Discussion and Conclusions of Law

{¶ 13} In order for a court to issue a writ of mandamus, a relator must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide the relief, and (3) the absence of an adequate remedy in the ordinary course of the law. *State ex rel. Heavey v. Husted*, 152 Ohio St.3d 579, 2018-Ohio-1152, ¶ 6, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55,

2012-Ohio-69, ¶ 6, 13. "The purpose of a writ of mandamus is to ' "compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust[,] or station." ' " *State ex rel. Blachere v. Tyack*, 10th Dist. No. 22AP-478, 2023-Ohio-781, ¶ 13, quoting *State ex rel. Timson v. Shoemaker*, 10th Dist. No. 02AP-1037, 2003-Ohio-4703, ¶ 16, quoting *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977).

{¶ 14} In order to demonstrate entitlement to a writ of procedendo, a relator must establish: (1) a clear legal right to require the respondent to proceed, (2) a clear legal duty on the part of the respondent to proceed, and (3) the absence of an adequate remedy at law. *State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, ¶ 20. "A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 7.

{¶ 15} A court may take judicial notice of facts not subject to reasonable dispute insofar as they affect the current original action. *See State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18 (taking judicial notice of information presented in an unopposed motion and also available on a publicly accessible website); *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000) ("Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' "); Evid.R. 201(B). With regard to actions in procedendo, a court is permitted to consider the record of the trial court and judicial decisions provided by the respondent in determining whether the respondent has already performed the act sought in the complaint. *State ex rel. Sevilla v. Cocroft*, 10th Dist. No. 21AP-167, 2021-Ohio-4280, ¶ 6. Based on the foregoing, it is appropriate in this instance to take judicial notice of the record of the trial court in Case No. 21CV-2629.

{¶ 16} Here, relator seeks a ruling from respondent Serrott on relator's motion to quash in Case No. 21CV-2629. Respondent Serrott issued an entry in that case granting relator's motion and dismissing the complaint on August 21, 2023. Because respondent Serrott has performed the action sought in relator's complaint, neither mandamus nor procedendo will lie. *State ex rel. Roberts v. Marsh*, 159 Ohio St.3d 457, 2020-Ohio-1540, ¶ 6, quoting *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998) (" 'Neither

procedendo nor mandamus will compel the performance of a duty that has already been performed.' "); *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, ¶ 7 ("Procedendo will not compel the performance of a duty that has already been performed."); *State ex rel. Roberts v. Hatheway*, 166 Ohio St.3d 531, 2021-Ohio-4097, ¶ 6 ("Because the trial court has performed the act requested * * * mandamus cannot lie."). As a result, this action must be dismissed.[1] *See State ex rel. Hillman v. Phipps*, 10th Dist. No. 22AP-636, 2023-Ohio-635, ¶ 3, 14 (dismissing sua sponte a complaint for writ of procedendo where the action sought in the complaint had already been performed).

{¶ 17} Because the actions sought in relator's complaint have already performed, relator cannot establish entitlement to the extraordinary writs of mandamus and procedendo. Accordingly, it is the decision and recommendation of the magistrate that this action should be dismissed sua sponte. Respondents' July 19, 2023 motion for leave to file motion to dismiss and the motion to dismiss filed the same day are rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.

---

[1] As previously noted, in addition to respondent Serrott, relator named as respondent the Franklin County Common Pleas Court Administrative Judge. However, relator makes no separate allegations regarding this respondent. Nor does relator seek any relief in mandamus or procedendo with regard to this respondent. Thus, notwithstanding the inclusion of this additional respondent, dismissal is appropriate in light of the performance of the actions sought in relator's complaint by respondent Serrott. *See State ex rel. Willoughby v. Ohio Police & Fire Pension Fund*, 10th Dist. No. 13AP-569, 2014-Ohio-4772, ¶ 9, quoting *State ex rel. Union Metal Corp. v. Indus. Comm.*, 10th Dist. No. 03AP-1247, 2005-Ohio-847, ¶ 3 (stating that a court " 'cannot grant relief that is not requested' ").