[Cite as *State ex rel. Norwood v. Boros*, 2026-Ohio-985.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO EX REL. DEANDRA C.
NORWOOD

    Relator

    v.

JUDGE DEBRA L. BOROS

    Respondent

C.A. No.    2025CA0080-M

ORIGINAL ACTION IN MANDAMUS

Dated: March 23, 2026

PER CURIAM.

{¶1}    Relator, DeAndra Norwood, has petitioned this Court for a writ of mandamus against Judge Boros to direct her to rule on a motion Ms. Norwood filed in a divorce action before her. Judge Boros has moved to dismiss the complaint, Ms. Norwood has filed a brief in opposition, and Judge Boros has filed a reply. For the following reasons, we dismiss the complaint.

{¶2}    "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). "[W]hile mandamus may be used to compel a court to issue a decision, procedendo is more appropriate to compel a court to issue a decision . . . ." *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 13. Even so, "[n]either a writ of procedendo nor mandamus will compel the

performance of a duty that has already been performed." *Id.* at ¶ 15. *Accord State ex rel. Roberts v. Hatheway*, 2021-Ohio-4097, ¶ 6, quoting *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 279 (1996) ("Even assuming that a writ of mandamus could provide relief beyond that afforded by a writ of procedendo, a 'writ of mandamus will not issue to compel an act already performed.'").

{¶3} Ms. Norwood petitions this Court to direct Judge Boros to rule on a motion Ms. Norwood filed on October 1, 2025. Following the filing of her mandamus complaint, Ms. Norwood notified this Court that Judge Boros ruled on her motion on December 9, 2025. A review of the trial court docket confirms that Judge Boros ruled on Ms. Norwood's motion. *See Serra v. Betleski*, 2022-Ohio-2819, ¶ 12 (9th Dist.) ("This Court may consider evidence outside the complaint to determine that an action is moot."). Because Judge Boros has already performed the act requested by Ms. Norwood in her complaint, her mandamus claim is moot. *See State ex rel. S.Y.C.* at ¶ 14; *State ex rel. Roberts* at ¶ 6.

{¶4} Ms. Norwood's complaint is dismissed as moot. Costs of this action are taxed to Ms. Norwood. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
SCOT A. STEVENSON
FOR THE COURT

HENSAL, J.
SUTTON, J.
<u>CONCUR.</u>

APPEARANCES:

DEANDRA C. NORWOOD, Pro Se, Relator.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Respondent.