[Cite as *State ex rel. Fritsche v. Cook*, 2026-Ohio-1011.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. THOMAS J. FRITSCHE

    Relator

    v.

JUDGE KATARINA COOK

    Respondent

C.A. No.    31626

ORIGINAL ACTION IN PROCEDENDO

Dated: March 25, 2026

PER CURIAM.

{¶1} Relator, Thomas Fritsche, has petitioned this Court for a writ of procedendo against Judge Cook to compel her to rule on various motions and to issue a ruling on venue and jurisdiction. He also has filed an emergency motion to expedite review in this matter. Judge Cook has moved to dismiss the petition. Mr. Fritsche has not responded to the motion to dismiss. For the following reasons, we grant the motion to dismiss.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle her to the relief requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7.

**{¶3}** To obtain a writ of procedendo, Mr. Fritsch must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). "A writ of procedendo is the appropriate remedy when a judge has either refused to render a judgment or unnecessarily delayed proceeding to judgment." *State ex rel. Conomy v. Rohrer*, 2025-Ohio-5296, ¶ 24.

**{¶4}** According to the complaint, Mr. Fritsche filed three motions in a divorce proceeding before Judge Cook: (1) a motion to quash petition for divorce for children for lack of proper jurisdiction, filed February 5, 2025; (2) a motion for expedited ruling on his jurisdictional challenge, filed February 24, 2025; and (3) a motion to dismiss for lack of jurisdiction and procedural defects, filed February 28, 2025. Mr. Fritsche then retained counsel, and his attorney filed a notice withdrawing the three motions Mr. Fritsche had filed. The complaint alleges that Mr. Fritsche was forced to abandon his jurisdictional challenges "because [Judge Cook] had left the motions unresolved for over a month, creating the risk of default against [him]." According to the complaint, Mr. Fritsche's mother later filed a motion for change of venue on his behalf on August 12, 2025.

**{¶5}** The complaint alleges that Judge Cook had a duty to rule on Mr. Fritsche's jurisdictional challenges whether through his motions, sua sponte, or through the motion his mother filed. He asks this Court to compel Judge Cook to immediately rule on his pending jurisdictional objections and to issue a ruling on venue and jurisdiction. He also asks us to declare that her "continued inaction on this threshold issue constitutes an abuse of discretion and a denial of due process."

{¶6} When an actual controversy no longer exists before this Court, we must dismiss a case as moot. *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 2022-Ohio-2833, ¶ 9. A case is moot when, without any fault of the respondent, an event occurs which renders it impossible for this Court to grant any relief to the relator. *State ex rel. Wood v. Rocky River*, 2021-Ohio-3313, ¶ 13. "When this Court declines to exercise jurisdiction over a moot question, we do not reach the issue of whether the complaint failed to state a claim upon which relief can be granted." *State ex rel. Sirafi v. Oldfield*, 2025-Ohio-2761, ¶ 5 (9th Dist.). "This Court may consider evidence outside the complaint to determine that an action is moot." *Serra v. Betleski*, 2022-Ohio-2819, ¶ 12 (9th Dist.).

{¶7} Mr. Fritsche acknowledges that his counsel withdrew the jurisdictional motions he filed. The Court cannot order the trial court to rule on motions no longer pending before it. *See State ex rel. Wood* at ¶ 13. Moreover, a review of the trial court docket reveals that, on December 16, 2025, the trial court issued a ruling on jurisdiction and venue in response to a renewed challenge raised by Mr. Fritsche. *See Serra* at ¶ 12. Because an actual controversy no longer exists, we dismiss this matter as moot. *See State ex rel. Grendell* at ¶ 9.

{¶8} Because Mr. Fritsche's petition is moot, the case is dismissed.

{¶9} Costs of this action are taxed to Mr. Fritsche. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

SCOT A. STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

THOMAS J. FRITSCHE, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.